3P

NO. 2005-54780

| | | |
|---|---|---|
| JOSE G. LONGORIA, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| AIR LIQUIDE, ET AL | § | 333RD JUDICIAL DISTRICT |

NO. 0560733-1

| | | |
|---|---|---|
| JOSE G. LONGORIA, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | NUECES COUNTY, TEXAS |
| | § | |
| | § | County Court @ Law #1 JUDICIAL |
| AIR LIQUIDE AMERICA CORPORATION, LP, ET AL | § | DISTRICT |

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:
"Exposed Person": **Guerrero, Juan R.** (57-1)
Social Security No. (last four digits): 629
Exposed Person's claims originally filed: 4/28/2005

The Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. All silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of November, 2014.

Joseph Halbach Jr

Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

3P

NO. 2006-76611
CONSOLIDATED CASES

| | | |
|---|---|---|
| CARROLL G. STARKS | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GLENDALE OPTICAL CO., INC, ET AL | § | 333RD JUDICIAL DISTRICT |

NO. 03-62478-2

| | | |
|---|---|---|
| BACILIO GUZMAN | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | NUECES COUNTY, TEXAS |
| | § | |
| 3M, MINNESOTA, MINING & MANUFACTURING, ET AL | § | CCLaw No. 3 JUDICIAL DISTRICT |

FILED
Chris Daniel
District Clerk
OCT 17 2016
Time:_____
Harris County, Texas

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:
"Exposed Person": **Guzman, Bacilio** (001-1; 3-1)
Social Security No. (last four digits):
Exposed Person's claims originally filed: 11/21/2003

The Court has considered the Defendants' Motion to Dismiss Under Section 90.010(d-1), TEX. CIV. PRAC. & REM. CODE and August 31, 2015 Omnibus Order of Dismissal (the "Motion to Dismiss"), the Plaintiffs' Response to the Defendants' Motion to Dismiss, and the Reply of Defendants' Steering Committee to Plaintiffs' Response to Defendants' Motion to Dismiss, as well as all evidence admitted by the Court. After considering all of the above, the Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. The Motion to Dismiss is GRANTED and all silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of October, 2016.

*Joseph Halbach Jr*

________________________________
Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

NO. 2004-68758

| | | |
|---|---|---|
| KENNETH HALE | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| MINNESOTA MINING & MANUFACTURING, ET AL | § | 333RD JUDICIAL DISTRICT |

NO. 03-3295-F

| | | |
|---|---|---|
| KENNETH HALE, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | NUECES COUNTY, TEXAS |
| | § | |
| | § | 214th JUDICIAL DISTRICT |
| MINNESOTA MINING & MANUFACTURING, ET AL | § | |

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:
"Exposed Person": **Hale, Kenneth** (1-1)
Social Security No. (last four digits): 4131
Exposed Person's claims originally filed: 5/29/2003

The Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. All silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of November, 2014.

Joseph Halbach Jr

Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

3P

NO. 2006-76611
CONSOLIDATED CASES

| | | |
|---|---|---|
| CARROLL G. STARKS | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GLENDALE OPTICAL CO., INC, ET AL | § | 333RD JUDICIAL DISTRICT |

FILED
Chris Daniel
District Clerk
OCT 17 2016
Time: ____ Harris County, Texas
By ____ Deputy

NO. 04-C0108-202

| | | |
|---|---|---|
| HOMER BATCHELOR, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | BOWIE COUNTY, TEXAS |
| | § | 202nd JUDICIAL DISTRICT |
| AIR LIQUIDE, ET AL | § | |

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:
"Exposed Person": **Harrington, Chester** (006-1)
Social Security No. (last four digits): 2973
Exposed Person's claims originally filed: 1/24/2004

The Court has considered the Defendants' Motion to Dismiss Under Section 90.010(d-1), TEX. CIV. PRAC. & REM. CODE and August 31, 2015 Omnibus Order of Dismissal (the "Motion to Dismiss"), the Plaintiffs' Response to the Defendants' Motion to Dismiss, and the Reply of Defendants' Steering Committee to Plaintiffs' Response to Defendants' Motion to Dismiss, as well as all evidence admitted by the Court. After considering all of the above, the Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. The Motion to Dismiss is GRANTED and all silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of October, 2016.

Joseph Halbach Jr

Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

NO. 2005-17466

| | | |
|---|---|---|
| WILLIAM HATFIELD, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| AIR LIQUIDE, ET AL | § | 333RD JUDICIAL DISTRICT |

NO. 04-61772-4

| | | |
|---|---|---|
| WILLIAM HATFIELD, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | NUECES COUNTY, TEXAS |
| | § | |
| | § | County Court @ Law #4 JUDICIAL |
| AIR LIQUIDE AMERICA CORPORATION, LP, ET AL | § | DISTRICT |

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:
"Exposed Person": **Hatfield, William** (1-1)
Social Security No. (last four digits): 869
Exposed Person's claims originally filed: 9/7/2004

The Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. All silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of November, 2014.

Joseph Halbach Jr

Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

3P

NO. 2006-76611
CONSOLIDATED CASES

| | | |
|---|---|---|
| CARROLL G. STARKS | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GLENDALE OPTICAL CO., INC, ET AL | § | 333RD JUDICIAL DISTRICT |

NO. 04-C0134-202

| | | |
|---|---|---|
| ROBERT AUSTIN, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | BOWIE COUNTY, TEXAS |
| | § | 202nd JUDICIAL DISTRICT |
| AIR LIQUIDE, ET AL | § | |

FILED
Chris Daniel
District Clerk
OCT 17 2016
Time:________
Harris County, Texas

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:
"Exposed Person": **Hawley, Norris G.** (115-1)
Social Security No. (last four digits): 8598
Exposed Person's claims originally filed: 1/27/2004

The Court has considered the Defendants' Motion to Dismiss Under Section 90.010(d-1), TEX. CIV. PRAC. & REM. CODE and August 31, 2015 Omnibus Order of Dismissal (the "Motion to Dismiss"), the Plaintiffs' Response to the Defendants' Motion to Dismiss, and the Reply of Defendants' Steering Committee to Plaintiffs' Response to Defendants' Motion to Dismiss, as well as all evidence admitted by the Court. After considering all of the above, the Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. The Motion to Dismiss is GRANTED and all silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of October, 2016.

Joseph Halbach Jr

Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

BEAULITIGATION:1578423.1

3P

NO. 2006-76611
CONSOLIDATED CASES

| | | |
|---|---|---|
| CARROLL G. STARKS | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GLENDALE OPTICAL CO., INC, ET AL | § | 333RD JUDICIAL DISTRICT |

NO. 2003-30149

| | | |
|---|---|---|
| JERRY LEE PRENTICE, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | 80th JUDICIAL DISTRICT |
| PULMOSAN, ET AL | § | |

FILED
Chris Daniel
District Clerk
OCT 17 2016
Time:_____ Harris County, Texas
By_____ Deputy

## ORDER OF DISMISSAL
## UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE

This Order applies to:
"Exposed Person": **Henry, Gerald** (18-1)
Social Security No. (last four digits): 8289
Exposed Person's claims originally filed: 5/29/2003

The Court has considered the Defendants' Motion to Dismiss Under Section 90.010(d-1), TEX. CIV. PRAC. & REM. CODE and August 31, 2015 Omnibus Order of Dismissal (the "Motion to Dismiss"), the Plaintiffs' Response to the Defendants' Motion to Dismiss, and the Reply of Defendants' Steering Committee to Plaintiffs' Response to Defendants' Motion to Dismiss, as well as all evidence admitted by the Court. After considering all of the above, the Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. The Motion to Dismiss is GRANTED and all silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of October, 2016.

Joseph Halbach Jr

Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

BEAULITIGATION:1578423.1

3P

NO. 2006-76611
CONSOLIDATED CASES

| | | |
|---|---|---|
| CARROLL G. STARKS | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GLENDALE OPTICAL CO., INC, ET AL | § | 333RD JUDICIAL DISTRICT |

FILED
Chris Daniel
District Clerk
OCT 17 2016
Time: ______
Harris County, Texas
By ______

NO. 05-60734-1

| | | |
|---|---|---|
| STEVE C. DAVIS, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | NUECES COUNTY, TEXAS |
| | § | CCLaw No. 1 JUDICIAL DISTRICT |
| AIR LIQUIDE, ET AL | § | |

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:
"Exposed Person": **Hernandez, Jose A.** (005-1)
Social Security No. (last four digits): 3479
Exposed Person's claims originally filed: 4/28/2005

The Court has considered the Defendants' Motion to Dismiss Under Section 90.010(d-1), TEX. CIV. PRAC. & REM. CODE and August 31, 2015 Omnibus Order of Dismissal (the "Motion to Dismiss"), the Plaintiffs' Response to the Defendants' Motion to Dismiss, and the Reply of Defendants' Steering Committee to Plaintiffs' Response to Defendants' Motion to Dismiss, as well as all evidence admitted by the Court. After considering all of the above, the Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. The Motion to Dismiss is GRANTED and all silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of October, 2016.

Joseph Halbach Jr

Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

3P

NO. 2004-69066

| | | |
|---|---|---|
| NICOLAS R. HERNANDEZ, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| AIR LIQUIDE, ET AL | § | 333RD JUDICIAL DISTRICT |

NO. 04-03417-C

| | | |
|---|---|---|
| NICOLAS R. HERNANDEZ, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | NUECES COUNTY, TEXAS |
| | § | |
| | § | 94th JUDICIAL DISTRICT |
| AIR LIQUIDE AMERICA CORPORATION, ET AL | § | |

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:
"Exposed Person": **Hernandez, Nicolas R.** (1-1)
Social Security No. (last four digits): 598
Exposed Person's claims originally filed: 6/23/2004

The Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. All silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of November, 2014.

Joseph Halbach Jr

Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

3P

NO. 2006-76611
CONSOLIDATED CASES

| | | |
|---|---|---|
| CARROLL G. STARKS | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GLENDALE OPTICAL CO., INC, ET AL | § | 333RD JUDICIAL DISTRICT |

FILED
Chris Daniel
District Clerk
OCT 17 2016
Time:____ Harris County, Texas
By____ Deputy

NO. 04-61701-4

| | | |
|---|---|---|
| TEODORO TOVAR, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | NUECES COUNTY, TEXAS |
| | § | CCLaw No.4 JUDICIAL DISTRICT |
| AIR LIQUIDE, ET AL | § | |

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:
"Exposed Person": **Hernandez, Rigoberto** (70-1)
Social Security No. (last four digits): 2420
Exposed Person's claims originally filed: Unknown

The Court has considered the Defendants' Motion to Dismiss Under Section 90.010(d-1), TEX. CIV. PRAC. & REM. CODE and August 31, 2015 Omnibus Order of Dismissal (the "Motion to Dismiss"), the Plaintiffs' Response to the Defendants' Motion to Dismiss, and the Reply of Defendants' Steering Committee to Plaintiffs' Response to Defendants' Motion to Dismiss, as well as all evidence admitted by the Court. After considering all of the above, the Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. The Motion to Dismiss is GRANTED and all silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of October, 2016.

Joseph Halbach Jr

______________________________
Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

3P

NO. 2004-69052-A

| | | |
|---|---|---|
| HOMER BATCHELOR, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| AIR LIQUIDE, ET AL | § | 333RD JUDICIAL DISTRICT |

NO. 04-C0108-202

| | | |
|---|---|---|
| HOMER BATCHELOR, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | BOWIE COUNTY, TEXAS |
| | § | |
| | § | 202nd JUDICIAL DISTRICT |
| AIR LIQUIDE AMERICA CORPORATION, ET AL | § | |

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:
"Exposed Person": **Hillis, John T.** (7-1)
Social Security No. (last four digits): 7416
Exposed Person's claims originally filed: 1/24/2004

The Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. All silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of November, 2014.

Joseph Halbach Jr

Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

3P

NO. 2004-68717

| | | |
|---|---|---|
| PAUL GAWLIK, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| AIR LIQUIDE, ET AL | § | 333RD JUDICIAL DISTRICT |

NO. 04-2140000H

| | | |
|---|---|---|
| PAUL GAWLIK, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | NUECES COUNTY, TEXAS |
| | § | |
| | § | 347th JUDICIAL DISTRICT |
| AIR LIQUIDE AMERICA CORPORATION, ET AL | § | |

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:
"Exposed Person": **Hinojosa, Santiago** (83-1)
Social Security No. (last four digits): 4038
Exposed Person's claims originally filed: 4/16/2004

The Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. All silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of November, 2014.

Joseph Halbach Jr

Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

3P

NO. 2006-76611
CONSOLIDATED CASES

| | | |
|---|---|---|
| CARROLL G. STARKS | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GLENDALE OPTICAL CO., INC, ET AL | § | 333RD JUDICIAL DISTRICT |

NO. 04-61783-00-0-2

| | | |
|---|---|---|
| C. DELL HODGE, JR., ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | NUECES COUNTY, TEXAS |
| | § | CCLaw No. 2 JUDICIAL DISTRICT |
| AIR LIQUIDE, ET AL | § | |

FILED
Chris Daniel
District Clerk
OCT 17 2016
Time:______ Harris County, Texas
By______ Deputy

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:
"Exposed Person": **Hodge, Jr., C. Dell** (001-1)
Social Security No. (last four digits): 552
Exposed Person's claims originally filed: Unknown

The Court has considered the Defendants' Motion to Dismiss Under Section 90.010(d-1), TEX. CIV. PRAC. & REM. CODE and August 31, 2015 Omnibus Order of Dismissal (the "Motion to Dismiss"), the Plaintiffs' Response to the Defendants' Motion to Dismiss, and the Reply of Defendants' Steering Committee to Plaintiffs' Response to Defendants' Motion to Dismiss, as well as all evidence admitted by the Court. After considering all of the above, the Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. The Motion to Dismiss is GRANTED and all silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of October, 2016.

Joseph Halbach Jr

Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

P-2

(8) J

MDL CAUSE NO. 2005-79678
BEFORE THE ASBESTOS MDL PRE-TRIAL JUDGE

| | | |
|---|---|---|
| HODGE, JIMMY | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | |
| | § | HARRIS COUNTY, TEXAS |
| CITGO REFINING & CHEMICAL, ET AL | § | |
| | § | |
| | § | 11TH JUDICIAL DISTRICT |

FILED
CHRIS DANIEL
DISTRICT CLERK
HARRIS COUNTY, TEXAS
2015 JAN -2 PM 2:59
MDL PROCESSING DEPUTY G

TRANSFERRED FROM NO. 05-CV-0794

| | | |
|---|---|---|
| HODGE, JIMMY | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| | § | 405TH JUDICIAL DISTRICT |
| CITGO REFINING & CHEMICAL, ET AL | § | |
| | § | |

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:

"Exposed Person"* and/or Party: JIMMY HODGE (001-1)

Date claim was originally filed; 6/16/2005

The Court finds that this lawsuit for asbestos-related claims was pending on August 31, 2005 and is now before the MDL pre-trial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that no report was served on or after September 1, 2013, that complies with Section 90.003, or Subsection 90.010(f). The Court further finds that the requirements for administrative dismissal under Section 90.010(d-1), of the Texas Civil

* "Exposed Person" is the individual that is alleged to have been exposed to asbestos.

Practice & Remedies Code, as added by act of the Legislature (Acts 2013, 83rd Leg., ch. 146 (H.B. 1325), §3, eff. Sept. 1, 2013), have been satisfied.

It is therefore ORDERED that:

1. The exposed person's asbestos-related claims and all other plaintiffs alleging independent or derivative claims by and through the exposed person brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from an asbestos-related injury.

2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.

3. All cross-actions are hereby in all things dismissed without prejudice.

4. If an action for an alleged asbestos-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged asbestos-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.003 or Section 90.010(f) was served.

5. A Claimant who refiles an action dismissed under Subsection (d-1) may serve the petition and citation for any subsequently filed action for an asbestos-related injury by certified mail, return receipt requested, or other method approved by the MDL pretrial court that is likely to accomplish service in a cost-effective manner, on a person who was a defendant in the dismissed action.

SIGNED this 8th day of January, 2015.

Honorable Mark Davidson,
Asbestos MDL Judge

3P

NO. 2004-69055

| | | |
|---|---|---|
| CAROL GENE DABNEY, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| AIR LIQUIDE, ET AL | § | 333RD JUDICIAL DISTRICT |

NO. 04C0121-102

| | | |
|---|---|---|
| CAROL GENE DABNEY, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | BOWIE COUNTY, TEXAS |
| | § | |
| | § | 102nd JUDICIAL DISTRICT |
| AIR LIQUIDE AMERICA CORPORATION, ET AL | § | |

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:
"Exposed Person": **Holden, Hillis** (99-1)
Social Security No. (last four digits): 39
Exposed Person's claims originally filed: 1/23/2004

The Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. All silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of November, 2014.

Joseph Halbach Jr

Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

3P

NO. 2006-76611
CONSOLIDATED CASES

| | | |
|---|---|---|
| CARROLL G. STARKS | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GLENDALE OPTICAL CO., INC, ET AL | § | 333[RD] JUDICIAL DISTRICT |

NO. 05-60733-1

| | | |
|---|---|---|
| JOSE G. LONGORIA, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | NUECES COUNTY, TEXAS |
| | § | CCLaw No. 1 JUDICIAL DISTRICT |
| AIR LIQUIDE, ET AL | § | |

FILED
Chris Daniel
District Clerk
OCT 17 2016
Time:______ Harris County, Texas
By

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:
"Exposed Person": **Hollingsworth, David** (59-1)
Social Security No. (last four digits): 937
Exposed Person's claims originally filed: 4/28/2005

The Court has considered the Defendants' Motion to Dismiss Under Section 90.010(d-1), TEX. CIV. PRAC. & REM. CODE and August 31, 2015 Omnibus Order of Dismissal (the "Motion to Dismiss"), the Plaintiffs' Response to the Defendants' Motion to Dismiss, and the Reply of Defendants' Steering Committee to Plaintiffs' Response to Defendants' Motion to Dismiss, as well as all evidence admitted by the Court. After considering all of the above, the Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. The Motion to Dismiss is GRANTED and all silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of October, 2016.

Joseph Halbach Jr
______________________________
Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

BEAULITIGATION:1578423.1

3P

NO. 2006-76611
CONSOLIDATED CASES

| | | |
|---|---|---|
| CARROLL G. STARKS | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GLENDALE OPTICAL CO., INC, ET AL | § | 333RD JUDICIAL DISTRICT |

NO. 04-C0107-102

| | | |
|---|---|---|
| HARVEY ARNOLD, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | BOWIE COUNTY, TEXAS |
| | § | 102nd JUDICIAL DISTRICT |
| AIR LIQUIDE, ET AL | § | |

FILED
Chris Daniel
District Clerk
OCT 17 2016
Time:____ Harris County, Texas
By____ Deputy

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:
"Exposed Person": **Houff, Kenneth W.** (94-1)
Social Security No. (last four digits): 1705
Exposed Person's claims originally filed: 1/21/2004

The Court has considered the Defendants' Motion to Dismiss Under Section 90.010(d-1), TEX. CIV. PRAC. & REM. CODE and August 31, 2015 Omnibus Order of Dismissal (the "Motion to Dismiss"), the Plaintiffs' Response to the Defendants' Motion to Dismiss, and the Reply of Defendants' Steering Committee to Plaintiffs' Response to Defendants' Motion to Dismiss, as well as all evidence admitted by the Court. After considering all of the above, the Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. The Motion to Dismiss is GRANTED and all silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of October, 2016.

Joseph Halbach Jr

Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

3P

NO. 2004-69055

| | | |
|---|---|---|
| CAROL GENE DABNEY, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| AIR LIQUIDE, ET AL | § | 333RD JUDICIAL DISTRICT |

NO. 04C0121-102

| | | |
|---|---|---|
| CAROL GENE DABNEY, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | BOWIE COUNTY, TEXAS |
| | § | |
| | § | 102nd JUDICIAL DISTRICT |
| AIR LIQUIDE AMERICA CORPORATION, ET AL | § | |

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:
"Exposed Person": **Hughey, Lenard** (100-1)
Social Security No. (last four digits): 7747
Exposed Person's claims originally filed: 1/23/2004

The Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. All silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of November, 2014.

Joseph Halbach Jr

Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

CAUSE NO. 2000-11176

| | | |
|---|---|---|
| JOHNNIE ALEXANDER, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | HARRIS COUNTY, TE X A S |
| | § | |
| AIR LIQUIDE AMERICA | § | |
| CORPORATION, ET AL | § | 61ST JUDICIAL DISTRICT |

**PLAINTIFFS MOTION TO NONSUIT DEFENDANT, (3M) MINNESOTA MINING AND MANUFACTURING COMPANY (N/K/A 3M COMPANY)**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JOHNNIE ALEXANDER, WALTER CALDWELL, IRA COFER, COLUMBUS ROY JAMES, CHARLES A. LOSSIER, CLYDE MITCHELL, WILLIE THOMAS AND CHARLIE WARFIELD, Plaintiffs in the above-entitled and numbered cause, and file this their Motion to NonSuit Defendant, (3M) MINNESOTA MINING AND MANUFACTURING COMPANY (N/K/A 3M COMPANY), and in support thereof would respectfully show the Court as follows:

I.

Plaintiffs, JOHNNIE ALEXANDER, WALTER CALDWELL, IRA COFER, COLUMBUS ROY JAMES, CHARLES A. LOSSIER, CLYDE MITCHELL, WILLIE THOMAS AND CHARLIE WARFIELD would show this Honorable Court that they no longer desires to prosecute their action against Defendant, (3M) MINNESOTA MINING AND MANUFACTURING COMPANY (N/K/A 3M COMPANY), only, and that said action against Defendant, (3M) MINNESOTA MINING AND MANUFACTURING COMPANY (N/K/A 3M COMPANY) be dismissed without prejudice and that each party be responsible for their own costs.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that their Motion to Nonsuit be in all things granted as to Defendant, (3M) MINNESOTA MINING AND MANUFACTURING COMPANY (N/K/A 3M COMPANY).

Respectfully submitted,

MALONEY, MARTIN & MITCHELL, L.L.P.

______________________________

MIKE B. MARTIN
State Bar No. 13094400
The Clock Tower Building
3401 Allen Parkway, Suite 100
Houston, TX 77019
(713) 759-1600 Telephone
(713) 759-6930 Facsimile

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

Pursuant to Rules 21 and 21(a) of the Texas Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing document has been provided to all counsel of record and/or attorneys-in-charge via Certified Mail, Return Receipt Requested, and/or via facsimile, and/or via hand delivery, and/or via U.S. Mail on this the 10th day of March, 2005.

______________________________

MIKE B. MARTIN

CAUSE NO. 2000-11176

| | | |
|---|---|---|
| JOHNNIE ALEXANDER, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | HARRIS COUNTY, TE X A S |
| | § | |
| AIR LIQUIDE AMERICA | § | |
| CORPORATION, ET AL | § | 61ST JUDICIAL DISTRICT |

---

**O R D E R**

---

BE IT REMEMBERED that on the _____ day of _______________________, 2005, came on to be heard Plaintiffs, JOHNNIE ALEXANDER, WALTER CALDWELL, IRA COFER, COLUMBUS ROY JAMES, CHARLES A. LOSSIER, CLYDE MITCHELL, WILLIE THOMAS AND CHARLIE WARFIELD Motion to NonSuit Defendant, (3M) MINNESOTA MINING AND MANUFACTURING COMPANY (N/K/A 3M COMPANY), and the Court, after reviewing same is of the opinion that same is good and should be granted; therefore, it is

ORDERED that Plaintiffs, JOHNNIE ALEXANDER, WALTER CALDWELL, IRA COFER, COLUMBUS ROY JAMES, CHARLES A. LOSSIER, CLYDE MITCHELL, WILLIE THOMAS AND CHARLIE WARFIELD Motion to Non-Suit Defendant, (3M) MINNESOTA MINING AND MANUFACTURING COMPANY (N/K/A 3M COMPANY) is hereby granted; and, it is

ORDERED that Defendant, (3M) MINNESOTA MINING AND MANUFACTURING COMPANY (N/K/A 3M COMPANY) only is hereby dismissed without prejudice and that each party shall be responsible for their own costs.

SIGNED this ______ day of ______________________________, 2005.

____________________________________
PRESIDING JUDGE

3P

NO. 2006-76611
CONSOLIDATED CASES

| | | |
|---|---|---|
| CARROLL G. STARKS | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GLENDALE OPTICAL CO., INC, ET AL | § | 333RD JUDICIAL DISTRICT |

NO. 04-C0121-102

| | | |
|---|---|---|
| CAROL GENE DABNEY, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | BOWIE COUNTY, TEXAS |
| | § | 102nd JUDICIAL DISTRICT |
| AIR LIQUIDE, ET AL | § | |

FILED
Chris Daniel
District Clerk
OCT 17 2016
Time:______
Harris County, Texas
By______

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:
"Exposed Person": **Jamison, Elmer** (101-1)
Social Security No. (last four digits): 3820
Exposed Person's claims originally filed: 1/23/2004

The Court has considered the Defendants' Motion to Dismiss Under Section 90.010(d-1), TEX. CIV. PRAC. & REM. CODE and August 31, 2015 Omnibus Order of Dismissal (the "Motion to Dismiss"), the Plaintiffs' Response to the Defendants' Motion to Dismiss, and the Reply of Defendants' Steering Committee to Plaintiffs' Response to Defendants' Motion to Dismiss, as well as all evidence admitted by the Court. After considering all of the above, the Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. The Motion to Dismiss is GRANTED and all silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of October, 2016.

Joseph Halbach Jr
____________________________
Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

Electronically Filed - Iron Circuit Division - May 19, 2022 - 12:05 PM

IN THE CIRCUIT COURT OF IRON COUNTY
FORTY SECOND JUDICIAL CIRCUIT
STATE OF MISSOURI

| | | |
|---|---|---|
| MICHAEL JOHNSON and KAREN JOHNSON, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Cause No.:18IR-CC00015 |
| 3M COMPANY, AS SUCCESSOR BY MERGER TO MINNESOTA MINING & MANUFACTURING COMPANY AND/OR ITS PREDECESSORS/ SUCCESSORS IN INTEREST; MINE SAFETY APPLIANCES; and WISE EL SANTO COMPANY | ) | **Plaintiffs demand Jury Trial on All Counts** |
| Defendants. | ) | |

**PLAINTIFFS' MOTION TO DISMISS**

COME NOW Plaintiffs Michael Johnson and Karen Johnson (hereinafter referred to as "Plaintiffs") by and through their attorneys of record and file this Motion to Dismiss all claims in this case. Plaintiffs state that they no longer desire to pursue their claims. Recent testimony has revealed that, at the present time, Michael Johnson does not have a diagnosis of silicosis. Therefore, Plaintiffs request dismissal of this claim, without prejudice.

WHEREFORE, the Plaintiffs in this Case move this Court to grant their Motion to Dismiss all claims, without prejudice.

Respectfully submitted,

**THE CAGLE LAW FIRM, LLC**

*/s/ Zane T. Cagle*
Zane Cagle
MO #53775
Fed. #499604

Electronically Filed - Iron Circuit Division - May 19, 2022 - 12:05 PM

500 North Broadway, Suite 1605
St. Louis, Missouri 63102
(314) 241-1700
(314) 241-1738 (fax)
E-Mail: zane@caglellc.com

**MARTIN WALTON LAW FIRM**

/s/ *Mike Martin*
Mike Martin
Federal #5200604
TX #13094400
699 S. Friendswood Drive, Suite 107
Houston, Texas 77546-4580
(713) 773-2035
(832) 559-0878 (fax)
E-Mail: mmartin@martinwaltonlaw.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTICIATE OF SERVICE**

The undersigned does hereby certify that on the 19th day of May, 2022, a true and correct copy of this pleading was served upon all attorneys of record via Efiling, email, facsimile, and/or United States mail, first class, postage prepaid.

*/s/ Zane Cagle*
Zane Cagle

3P

NO. 2006-76611
CONSOLIDATED CASES

| | | |
|---|---|---|
| CARROLL G. STARKS | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GLENDALE OPTICAL CO., INC, ET AL | § | 333RD JUDICIAL DISTRICT |

NO. 04-C0121-102

| | | |
|---|---|---|
| CAROL GENE DABNEY, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | BOWIE COUNTY, TEXAS |
| | § | 102nd JUDICIAL DISTRICT |
| AIR LIQUIDE, ET AL | § | |

FILED
Chris Daniel
District Clerk
OCT 17 2016
Time:_____ Harris County, Texas
By

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:
"Exposed Person": **Johnson, Ronnie Lee** (102-1)
Social Security No. (last four digits): 1084
Exposed Person's claims originally filed: 1/23/2004

The Court has considered the Defendants' Motion to Dismiss Under Section 90.010(d-1), TEX. CIV. PRAC. & REM. CODE and August 31, 2015 Omnibus Order of Dismissal (the "Motion to Dismiss"), the Plaintiffs' Response to the Defendants' Motion to Dismiss, and the Reply of Defendants' Steering Committee to Plaintiffs' Response to Defendants' Motion to Dismiss, as well as all evidence admitted by the Court. After considering all of the above, the Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. The Motion to Dismiss is GRANTED and all silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of October, 2016.

Joseph Halbach Jr

Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

3P

NO. 2006-76611
CONSOLIDATED CASES

| | | |
|---|---|---|
| CARROLL G. STARKS | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GLENDALE OPTICAL CO., INC, ET AL | § | 333RD JUDICIAL DISTRICT |

NO. 04-C0107-102

| | | |
|---|---|---|
| HARVEY ARNOLD, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | BOWIE COUNTY, TEXAS |
| | § | 102nd JUDICIAL DISTRICT |
| AIR LIQUIDE, ET AL | § | |

FILED
Chris Daniel
District Clerk
OCT 17 2016
Time:______ Harris County, Texas
By______ Deputy

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:
"Exposed Person": **Jones, Curtis** (95-1)
Social Security No. (last four digits): 181
Exposed Person's claims originally filed: 1/21/2004

The Court has considered the Defendants' Motion to Dismiss Under Section 90.010(d-1), TEX. CIV. PRAC. & REM. CODE and August 31, 2015 Omnibus Order of Dismissal (the "Motion to Dismiss"), the Plaintiffs' Response to the Defendants' Motion to Dismiss, and the Reply of Defendants' Steering Committee to Plaintiffs' Response to Defendants' Motion to Dismiss, as well as all evidence admitted by the Court. After considering all of the above, the Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. The Motion to Dismiss is GRANTED and all silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of October, 2016.

Joseph Halbach Jr

Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

**IN THE SUPERIOR COURT OF DOUGHERTY COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| JEROME JONES and<br>SHEILA JONES,<br><br>Plaintiffs,<br><br>v.<br><br>ATLANTA SAND & SUPPLY<br>COMPANY, et al.<br><br>Defendants. | CIVIL ACTION FILE NO.<br>SUCV2019000154 |

**[PROPOSED] ORDER ON MOTION FOR DISMISSAL OF CLAIMS AGAINST DEFENDANT 3M COMPANY ONLY**

Before this Court is Plaintiffs' Motion for Dismissal of Claims Against Defendant 3M Company Only, filed December 18, 2020. The Court having considered the Motion and no opposition having been filed, the Motion is hereby GRANTED. Plaintiffs' claims against 3M Company are hereby dismissed without prejudice. The parties shall bear their own costs. This Order shall not affect Plaintiffs' claims against any other Defendant.

So ordered this ___ day of _______________, 2021.

______________________________
Honorable Denise Marshall
Superior Court of Dougherty County

Respectfully submitted,

DENTONS US LLP

*/s/ R. Matthew Martin*

R. Matthew Martin
Georgia Bar No. 473450
Uchenna Ekuma-Nkama
Georgia Bar No. 957861
Sarah Hannah Phillips
Georgia Bar No. 302869

303 Peachtree Street, NE, Suite 5300
Atlanta, Georgia 30308
404.527.4000 (telephone)
404.527.4198 (facsimile)
matt.martin@dentons.com
Uchenna.ekuma-nkama@dentons.com
sarahhannah.phillips@dentons.com

*Attorneys for Defendant 3M Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2021, I have served the foregoing **PROPOSED ORDER ON MOTION FOR DISMISSAL OF CLAIMS AGAINST 3M COMPANY ONLY** by statutory electronic service to all counsel of record.

*/s/ R. Matthew Martin*
R. Matthew Martin
Georgia Bar No. 473450

P-2
(8) J

MDL CAUSE NO. 2004-71821
BEFORE THE ASBESTOS MDL PRE-TRIAL JUDGE

| | | |
|---|---|---|
| JONES, STERLING | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | |
| | § | HARRIS COUNTY, TEXAS |
| CHEVRON USA, ET AL | § | |
| | § | |
| | § | 11TH JUDICIAL DISTRICT |

FILED
CHRIS DANIEL
DISTRICT CLERK
HARRIS COUNTY, TEXAS
2015 JAN -2 PM 2:59
HARRIS PROCESSING DEPUTY

TRANSFERRED FROM NO. B-170,438

| | | |
|---|---|---|
| JONES, STERLING | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| | § | 60TH JUDICIAL DISTRICT |
| CHEVRON USA, ET AL | § | |
| | § | |

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:

"Exposed Person"* and/or Party: STERLING JONES (001-1)

Date claim was originally filed; 6/30/2003

The Court finds that this lawsuit for asbestos-related claims was pending on August 31, 2005 and is now before the MDL pre-trial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that no report was served on or after September 1, 2013, that complies with Section 90.003, or Subsection 90.010(f). The Court further finds that the requirements for administrative dismissal under Section 90.010(d-1), of the Texas Civil

* "Exposed Person" is the individual that is alleged to have been exposed to asbestos.

Practice & Remedies Code, as added by act of the Legislature (Acts 2013, 83rd Leg., ch. 146 (H.B. 1325), §3, eff. Sept. 1, 2013), have been satisfied.

It is therefore ORDERED that:

1. The exposed person's asbestos-related claims and all other plaintiffs alleging independent or derivative claims by and through the exposed person brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from an asbestos-related injury.

2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.

3. All cross-actions are hereby in all things dismissed without prejudice.

4. If an action for an alleged asbestos-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged asbestos-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.003 or Section 90.010(f) was served.

5. A Claimant who refiles an action dismissed under Subsection (d-1) may serve the petition and citation for any subsequently filed action for an asbestos-related injury by certified mail, return receipt requested, or other method approved by the MDL pretrial court that is likely to accomplish service in a cost-effective manner, on a person who was a defendant in the dismissed action.

SIGNED this 8th day of January, 2015.

Honorable Mark Davidson,
Asbestos MDL Judge

ORIGINAL

P3

4A

NO. 96-27533

| | | |
|---|---|---|
| BETTY C. KIRKPATRICK, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF LYNN C. KIRKPATRICK, DECEDENT, MICHAEL PAUL KIRKPATRICK, AND WILLIAM DAVID KIRKPATRICK | § | IN THE DISTRICT COURT OF |
| V. | § | HARRIS COUNTY, TEXAS |
| OWENS-CORNING FIBERGLAS CORPORATION, ET AL. | § | 152ND JUDICIAL DISTRICT |

FILED CHARLES BACARISSE DISTRICT CLERK DISTRICT CLERK, HARRIS COUNTY, TEXAS 99 OCT 18 PM 3: 05 BY ______ DEPUTY

**ORDER OF NON-SUIT AS TO PLAINTIFF BETTY C. KIRKPATRICK ONLY**

WHEREAS, on the _____ day of ____________________, 199_____, Plaintiff, BETTY C. KIRKPATRICK, filed a Notice of Rule 162 Non-Suit and voluntarily dismissed all claims and causes of action asserted by the Plaintiff, BETTY C. KIRKPATRICK, in the above styled cause against all Defendants and this Court hereby

**ORDERS** that all causes of action asserted herein by Plaintiff, BETTY C. KIRKPATRICK against all Defendants are DISMISSED. No prejudice will accrue to the rights of any party to re-assert their claims or causes of action at a later date. **Williams Bailey Law Firm, L.L.P., Counsel for Plaintiffs, MICHAEL PAUL KIRKPATRICK AND WILLIAM DAVID KIRKPATRICK, sons of LYNN C. KIRKPATRICK, DECEASED, are not non-suiting any of their claims or causes of action herein. The original petition filed herein mistakenly named BETTY C. KIRKPATRICK as a Plaintiff.**

SIGNED this ____ day of OCT 27 1999__________, 1999.

OCT 27 1999 [signature]
JUDGE PRESIDING

Unofficial Copy Office of Marilyn Burgess District Clerk

RECORDER'S MEMORANDUM
This instrument is of poor quality and not satisfactory for photographic recordation; and/or alterations were present at the time of imaging

ORIGINAL

NO. 96-27533

| | | |
|---|---|---|
| BETTY C. KIRKPATRICK, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF LYNN C. KIRKPATRICK, DECEDENT, MICHAEL PAUL KIRKPATRICK, AND WILLIAM DAVID KIRKPATRICK | § | IN THE DISTRICT COURT OF |
| V. | § | HARRIS COUNTY, TEXAS |
| OWENS-CORNING FIBERGLAS CORPORATION, ET AL. | § | 152ND JUDICIAL DISTRICT |

FILED CHARLES BACARISSE DISTRICT CLERK HARRIS COUNTY, TEXAS 99 OCT 18 PM 3:05 BY ——— DEPUTY

**NOTICE OF RULE 162 NON-SUIT AS TO PLAINTIFF BETTY C. KIRKPATRICK ONLY**

COMES NOW, Plaintiff, BETTY C. KIRKPATRICK, and pursuant to Tex. R. Civ. P. 162, files this Notice of Non-Suit, and show as follows:

Plaintiff, BETTY C. KIRKPATRICK, hereby non-suits and dismisses all claims and causes of action against all Defendants, without prejudice to the refiling of same. **Williams Bailey Law Firm, L.L.P., Counsel for Plaintiffs, MICHAEL PAUL KIRKPATRICK AND WILLIAM DAVID KIRKPATRICK, sons of LYNN C. KIRKPATRICK, DECEASED, are not non-suiting any of their claims or causes of action herein. The original petition filed herein mistakenly named BETTY C. KIRKPATRICK as a Plaintiff.**

Costs of court are to be borne by the party incurring same.

Respectfully submitted,

WILLIAMS ✦ BAILEY LAW FIRM, L.L.P

BY: *Steven J. Kherkher*

STEVEN J. KHERKHER
State Bar No. 11375950
8441 Gulf Freeway, Suite 600
Houston, TX 77017-5001
(713) 230-2200
(713) 643-6226 (facsimile)

ATTORNEYS FOR PLAINTIFFS'

Unofficial Copy Office of Marilyn Burgess District Clerk

## CERTIFICATE OF SERVICE

This is to certify that on the 18th day of October, 1999, a true and correct copy of the foregoing NOTICE OF NON-SUIT AS TO PLAINTIFF BETTY C. KIRKPATRICK ONLY was served upon all counsel of record herein in accordance with Tex. R. Civ. P. 21 and 21a.

Steven J. Kherkher

Steven J. Kherkher

Unofficial Copy Office of Marilyn Burgess District Clerk

MDL CAUSE NO. 2004-03964

| | | |
|---|---|---|
| IN RE: | § | IN THE DISTRICT COURT OF |
| | § | |
| ASBESTOS LITIGATION | § | HARRIS COUNTY, TEXAS |
| | § | |
| THIS DOCUMENT RELATES TO CASES LISTED ON EXHIBIT A | § | |
| | § | 11TH JUDICIAL DISTRICT |

**NOTICE OF INTENT TO DISMISS**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC & REM.CODE**

Please be advised that on July 2, 2015, this court intends to issue an order of dismissal pursuant to section 90.010 (d-1) for the following matters and plaintiffs which are attached as Exhibit A.

The Court finds that each of the Claimant's lawsuits for asbestos-related claims on the attached list was pending on August 31, 2005 and is now before the MDL pre-trial court. The Court further finds that no report was served on or after September 1, 2013, that complies with Section 90.003, or Subsection 90.010(f). The Court further finds that the requirements for administrative dismissal under Section 90.010(d-1), of the Texas Civil Practice & Remedies Code, have been satisfied. Therefore, the Court intends to dismiss the plaintiffs and cases attached on Exhibit A on July 2, 2015.

Furthermore, the parties on this list are represented by Maloney & Martin and this notice may be served on attorney, Mike Martin.

The District Court is not required to send separate notice of this document to parties in each case listed on Exhibit A. A copy of this Notice is to be sent to plaintiffs' attorney, Mike Martin, Maloney & Martin, 3401 Allen Pkwy, Houston, TX 77019.

March 6, 2015
Date

Honorable Mark Davidson,
Asbestos MDL Judge

BEAULITIGATION:1459627.1

ASBESTOS MDL DISMISSALS
MIKE MARTIN ROUND TWO
EXHIBIT A

| MDL Cause No. | Current Style of Case (Last Name, First v. 1st Defendant name, et al) | Injured Party (Last Name) | Injured Party (First Name) | Injured Party Suffix (Jr.,Sr,. III) | Last 4 digits SSN (Injured Party) | Wrongful Death/ Additional Plaintiff Names (list capacity) | Current Plaintiff Firm | Current Plaintiff Attorney of Record |
|---|---|---|---|---|---|---|---|---|
| 2005-81107 | Miller, Donald v. E.I. DuPont De Nemours and Company, et al. | Miller | Donald | | 7287 | | Maloney Martin | Mike Martin |
| 2006-32155 | Ermis, Marvin v. Owens-Brockway Glass Container, Inc., et al. | Ermis | Marvin | | 8884 | | Maloney Martin | Mike Martin |
| 2007-15447 | Klander, Birdie v. Amtek, In., et al. | Klander | Glen | Sr. | 7610 | Birdie Klander (wife); Glen Klander, Jr. (son); Esther Ruth Gomez (daughter); John Gregory Klander (son); Charlie Lee Klander (son) | Maloney Martin | Mike Martin |

NO. 2005-03169

| | | |
|---|---|---|
| JOE KOENIG, ET AL. | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| AMF INC., ET AL. | § | 295TH JUDICIAL DISTRICT |

P5 11C

**ORDER GRANTING PLAINTIFF'S NOTICE OF PARTIAL DISMISSAL WITHOUT PREJUDICE AS TO 3M**

Plaintiff hereby submits his Notice of Partial Dismissal of Defendant **3M Company f/k/a/ Minnesota Mining & Manufacturing Company,** and any of its alleged distributors to the extent of their sales, distribution, or marketing of a 3M product s. without prejudice and, after consideration thereof, the Court is of the opinion that said Notice of Partial Dismissal is meritorious and should be granted for the Plaintiff in Exhibit " A".

It is therefore,

ORDERED that the Plaintiff listed in Exhibit "A" cause of action against **3M Company f/k/a/ Minnesota Mining & Manufacturing Company**, only, are dismissed without prejudice subject to the terms and conditions set forth in the Dismissal and Tolling Agreement between Plaintiff and **3M Company f/k/a/ Minnesota Mining & Manufacturing Company** filed as a Rule 11 Agreement in Cause No. 2004-70000, *In re Texas Silica Product Liability Litigation*, in the 295th District Court, Harris County, Texas to the refiling of same, with costs of Court taxed against the party incurring same.

SIGNED this 13th day of Nov, 2009.

JUDGE PRESIDING

FILED
Loren Jackson
District Clerk
NOV 11 2009

Unofficial Copy Office of Marilyn Burgess District Clerk

# JOE KOENIG- EXHIBIT "A"

1.) JOE KOENIG

Unofficial Copy Office of Marilyn Burgess District Clerk

NO. 2005-03169

| | | |
|---|---|---|
| JOE KOENIG, ET AL. | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| AMF INC., ET AL. | § | 295TH JUDICIAL DISTRICT |

**PLAINTIFF'S NOTICE OF PARTIAL DISMISSAL WITHOUT PREJUDICE AS TO 3M**

Plaintiff in Exhibit "A" files this Notice of Dismissal without Prejudice subject to the terms and conditions set forth in the Dismissal and Tolling Agreement between Plaintiff and **3M Company f/k/a Minnesota Mining & Manufacturing Company, and** any of its alleged distributors to the extent of their sales, distribution, or marketing of a 3M product, filed as a Rule 11 Agreement in Cause No. 2004-70000, *In re Texas State Silica Products Liability Litigation*, in the 295th District Court, Harris County, Texas of Defendant without prejudice.

The Plaintiff in Exhibit "A" hereby dismisses, without prejudice, his claims against the above-named Defendant, only, effective immediately upon the filing of this Notice of Partial Dismissal. All unpaid costs of this suit shall be taxed against the party incurring same.

Respectfully submitted,

MALONEY, MARTIN AND MITCHELL, L.L.P.

[signature]

MIKE MARTIN
SBN: 13094400
The Clock Tower Building
3401 Allen Parkway, Suite 100
Houston, Texas 77019
(713) 759-1600 : TELEPHONE
(713) 759-6930 : FACSIMILE
**ATTORNEY FOR PLAINTIFFS**

FILED
Loren Jackson
District Clerk
NOV 11 2009

Unofficial Copy Office of Marilyn Burgess District Clerk

TEKELL, BOOK, MATTHEWS & LIMMER, LLP
4300 One Houston Center
1221 McKinney
Houston, Texas 77010
(713) 222-9542
(713) 655-7727

By: ____________________
William Book
State Bar No. 02622000

ATTORNEY FOR DEFENDANT 3M

Unofficial Copy Office of Marilyn Burgess District Clerk

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the above foregoing instrument was served on counsel for the Defendants by Lexis Nexis, on this _______ day of ~~September~~ November, 2009.

____________________
WILLIAM BOOK

JOE KOENIG- EXHIBIT "A"

1.) JOE KOENIG

Unofficial Copy Office of Marilyn Burgess District Clerk

3P

NO. 2006-76611
CONSOLIDATED CASES

| | | |
|---|---|---|
| CARROLL G. STARKS | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GLENDALE OPTICAL CO., INC, ET AL | § | 333RD JUDICIAL DISTRICT |

FILED
Chris Daniel
District Clerk
OCT 17 2016
Time:____ Harris County, Texas
By____ Deputy

NO. 04-61702-3

| | | |
|---|---|---|
| JOSEPH H. WHEELER, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | NUECES COUNTY, TEXAS |
| | § | CCLaw No.3 JUDICIAL DISTRICT |
| AIR LIQUIDE, ET AL | § | |

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:
"Exposed Person": **Leal, Elias** (76-1)
Social Security No. (last four digits): 7718
Exposed Person's claims originally filed: 8/23/2004

The Court has considered the Defendants' Motion to Dismiss Under Section 90.010(d-1), TEX. CIV. PRAC. & REM. CODE and August 31, 2015 Omnibus Order of Dismissal (the "Motion to Dismiss"), the Plaintiffs' Response to the Defendants' Motion to Dismiss, and the Reply of Defendants' Steering Committee to Plaintiffs' Response to Defendants' Motion to Dismiss, as well as all evidence admitted by the Court. After considering all of the above, the Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. The Motion to Dismiss is GRANTED and all silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of October, 2016.

Joseph Halbach Jr

Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

NO. 2005-17467

| | | |
|---|---|---|
| JAIME C. BENAVIDES, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| AIR LIQUIDE, ET AL | § | 333RD JUDICIAL DISTRICT |

NO. 04-61785-2

| | | |
|---|---|---|
| JAIME C. BENAVIDES, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | NUECES COUNTY, TEXAS |
| | § | |
| | § | County Court @ Law #2 JUDICIAL |
| AIR LIQUIDE AMERICA CORPORATION, LP, ET AL | § | DISTRICT |

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:
"Exposed Person": **Leal, Ruben C.** (3-1)
Social Security No. (last four digits): 3034
Exposed Person's claims originally filed: 9/8/2004

The Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. All silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of November, 2014.

Joseph Halbach Jr

Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

3P

NO. 2006-76611
CONSOLIDATED CASES

| | | |
|---|---|---|
| CARROLL G. STARKS | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GLENDALE OPTICAL CO., INC, ET AL | § | 333RD JUDICIAL DISTRICT |

NO. 04-61700-3

| | | |
|---|---|---|
| CHARLES E. COLEMAN, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | NUECES COUNTY, TEXAS |
| | § | CCLaw No. 3 JUDICIAL DISTRICT |
| AIR LIQUIDE, ET AL | § | |

FILED
Chris Daniel
District Clerk
OCT 17 2016
Time:______ Harris County, Texas
By______ Deputy

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:
"Exposed Person": **Lemos, Sr., Robert H.** (82-1)
Social Security No. (last four digits): 4408
Exposed Person's claims originally filed: 8/23/2004

The Court has considered the Defendants' Motion to Dismiss Under Section 90.010(d-1), TEX. CIV. PRAC. & REM. CODE and August 31, 2015 Omnibus Order of Dismissal (the "Motion to Dismiss"), the Plaintiffs' Response to the Defendants' Motion to Dismiss, and the Reply of Defendants' Steering Committee to Plaintiffs' Response to Defendants' Motion to Dismiss, as well as all evidence admitted by the Court. After considering all of the above, the Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. The Motion to Dismiss is GRANTED and all silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of October, 2016.

Joseph Halbach Jr

Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

NO. 2005-04812-A

| | | |
|---|---|---|
| ROBERT LIVENGOOD, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| AIR LIQUIDE, ET AL | § | 333RD JUDICIAL DISTRICT |

NO. 04-61786-3

| | | |
|---|---|---|
| ROBERT LIVENGOOD, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | NUECES COUNTY, TEXAS |
| | § | |
| | § | County Court @ Law #3 JUDICIAL |
| AIR LIQUIDE AMERICA CORPORATION, LP, ET AL | § | DISTRICT |

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:
"Exposed Person": **Livengood, Sr., Robert C.** (1-1)
Social Security No. (last four digits): 2028
Exposed Person's claims originally filed: 9/8/2004

The Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. All silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of November, 2014.

Joseph Halbach Jr

Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

NO. 2006-01952

| | | |
|---|---|---|
| MARION J. LOIACANO | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| DUPONT, ET AL | § | 333[RD] JUDICIAL DISTRICT |

NO. B-170,437

| | | |
|---|---|---|
| MARION J. LOIACANO | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| | § | 60th JUDICIAL DISTRICT |
| DUPONT, ET AL | § | |

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:
"Exposed Person": **Loiacano, Marion J.** (1-1)
Social Security No. (last four digits): 2087
Exposed Person's claims originally filed: 6/30/2003

The Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. All silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of November, 2014.

Joseph Halbach Jr

Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

3P

NO. 2006-76611
CONSOLIDATED CASES

| | | |
|---|---|---|
| CARROLL G. STARKS | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GLENDALE OPTICAL CO., INC, ET AL | § | 333RD JUDICIAL DISTRICT |

FILED
Chris Daniel
District Clerk
OCT 17 2016
Time: ______ Harris County, Texas
By ______ Deputy

NO. 05-60733-1

| | | |
|---|---|---|
| JOSE G. LONGORIA, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | NUECES COUNTY, TEXAS |
| | § | CCLaw No. 1 JUDICIAL DISTRICT |
| AIR LIQUIDE, ET AL | § | |

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:
"Exposed Person": **Longoria, Jose G.** (001-1)
Social Security No. (last four digits): 5773
Exposed Person's claims originally filed: 4/28/2005

The Court has considered the Defendants' Motion to Dismiss Under Section 90.010(d-1), TEX. CIV. PRAC. & REM. CODE and August 31, 2015 Omnibus Order of Dismissal (the "Motion to Dismiss"), the Plaintiffs' Response to the Defendants' Motion to Dismiss, and the Reply of Defendants' Steering Committee to Plaintiffs' Response to Defendants' Motion to Dismiss, as well as all evidence admitted by the Court. After considering all of the above, the Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. The Motion to Dismiss is GRANTED and all silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of October, 2016.

Joseph Halbach Jr

Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

3P

NO. 2006-76611
CONSOLIDATED CASES

| | | |
|---|---|---|
| CARROLL G. STARKS | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GLENDALE OPTICAL CO., INC, ET AL | § | 333RD JUDICIAL DISTRICT |

NO. 05-60732-2

| | | |
|---|---|---|
| AERON SYMA, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | NUECES COUNTY, TEXAS |
| | § | CCLaw No.2 JUDICIAL DISTRICT |
| AIR LIQUIDE, ET AL | § | |

FILED
Chris Daniel
District Clerk
OCT 17 2016
Time:______ Harris County, Texas

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:
"Exposed Person": **Lopez, Antonio F.** (60-1)
Social Security No. (last four digits): 1277
Exposed Person's claims originally filed: 4/28/2005

The Court has considered the Defendants' Motion to Dismiss Under Section 90.010(d-1), TEX. CIV. PRAC. & REM. CODE and August 31, 2015 Omnibus Order of Dismissal (the "Motion to Dismiss"), the Plaintiffs' Response to the Defendants' Motion to Dismiss, and the Reply of Defendants' Steering Committee to Plaintiffs' Response to Defendants' Motion to Dismiss, as well as all evidence admitted by the Court. After considering all of the above, the Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. The Motion to Dismiss is GRANTED and all silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of October, 2016.

Joseph Halbach Jr

Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

3P

NO. 2006-76611
CONSOLIDATED CASES

| | | |
|---|---|---|
| CARROLL G. STARKS | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GLENDALE OPTICAL CO., INC, ET AL | § | 333RD JUDICIAL DISTRICT |

FILED
Chris Daniel
District Clerk
OCT 17 2016
Time:______ Harris County, Texas
By______ Deputy

NO. 04-61771-1

| | | |
|---|---|---|
| HAROLD E. WILLIS, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | NUECES COUNTY, TEXAS |
| | § | CCLaw No.1 JUDICIAL DISTRICT |
| AIR LIQUIDE, ET AL | § | |

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:
"Exposed Person": **Lopez, Celso** (004-1)
Social Security No. (last four digits): 5185
Exposed Person's claims originally filed: 9/7/2004

The Court has considered the Defendants' Motion to Dismiss Under Section 90.010(d-1), TEX. CIV. PRAC. & REM. CODE and August 31, 2015 Omnibus Order of Dismissal (the "Motion to Dismiss"), the Plaintiffs' Response to the Defendants' Motion to Dismiss, and the Reply of Defendants' Steering Committee to Plaintiffs' Response to Defendants' Motion to Dismiss, as well as all evidence admitted by the Court. After considering all of the above, the Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. The Motion to Dismiss is GRANTED and all silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of October, 2016.

Joseph Halbach Jr

Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

NO. 2004-69065

| | | |
|---|---|---|
| CHARLES E. COLEMAN, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| AIR LIQUIDE, ET AL | § | 333[RD] JUDICIAL DISTRICT |

NO. 04-61700-3

| | | |
|---|---|---|
| CHARLES E. COLEMAN, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | NUECES COUNTY, TEXAS |
| | § | |
| | § | County Court @ Law #3 JUDICIAL |
| AIR LIQUIDE AMERICA CORPORATION, ET AL | § | DISTRICT |

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:
"Exposed Person": **Lopez, Rosalio P.** (83-1)
Social Security No. (last four digits): 4790
Exposed Person's claims originally filed: 8/23/2004

The Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. All silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of November, 2014.

Joseph Halbach Jr

Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

CAUSE NO. 2000-11176

| | | |
|---|---|---|
| JOHNNIE ALEXANDER, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | HARRIS COUNTY, TE X A S |
| | § | |
| AIR LIQUIDE AMERICA | § | |
| CORPORATION, ET AL | § | 61ST JUDICIAL DISTRICT |

**PLAINTIFFS MOTION TO NONSUIT DEFENDANT, (3M) MINNESOTA MINING AND MANUFACTURING COMPANY (N/K/A 3M COMPANY)**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JOHNNIE ALEXANDER, WALTER CALDWELL, IRA COFER, COLUMBUS ROY JAMES, CHARLES A. LOSSIER, CLYDE MITCHELL, WILLIE THOMAS AND CHARLIE WARFIELD, Plaintiffs in the above-entitled and numbered cause, and file this their Motion to NonSuit Defendant, (3M) MINNESOTA MINING AND MANUFACTURING COMPANY (N/K/A 3M COMPANY), and in support thereof would respectfully show the Court as follows:

I.

Plaintiffs, JOHNNIE ALEXANDER, WALTER CALDWELL, IRA COFER, COLUMBUS ROY JAMES, CHARLES A. LOSSIER, CLYDE MITCHELL, WILLIE THOMAS AND CHARLIE WARFIELD would show this Honorable Court that they no longer desires to prosecute their action against Defendant, (3M) MINNESOTA MINING AND MANUFACTURING COMPANY (N/K/A 3M COMPANY), only, and that said action against Defendant, (3M) MINNESOTA MINING AND MANUFACTURING COMPANY (N/K/A 3M COMPANY) be dismissed without prejudice and that each party be responsible for their own costs.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that their Motion to Nonsuit be in all things granted as to Defendant, (3M) MINNESOTA MINING AND MANUFACTURING COMPANY (N/K/A 3M COMPANY).

Respectfully submitted,

MALONEY, MARTIN & MITCHELL, L.L.P.

MIKE B. MARTIN
State Bar No. 13094400
The Clock Tower Building
3401 Allen Parkway, Suite 100
Houston, TX 77019
(713) 759-1600 Telephone
(713) 759-6930 Facsimile

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

Pursuant to Rules 21 and 21(a) of the Texas Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing document has been provided to all counsel of record and/or attorneys-in-charge via Certified Mail, Return Receipt Requested, and/or via facsimile, and/or via hand delivery, and/or via U.S. Mail on this the 10th day of March, 2005.

MIKE B. MARTIN

CAUSE NO. 2000-11176

| | | |
|---|---|---|
| JOHNNIE ALEXANDER, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | HARRIS COUNTY, TE X A S |
| | § | |
| AIR LIQUIDE AMERICA | § | |
| CORPORATION, ET AL | § | 61ST JUDICIAL DISTRICT |

---

**O R D E R**

---

BE IT REMEMBERED that on the _____ day of _______________________, 2005, came on to be heard Plaintiffs, JOHNNIE ALEXANDER, WALTER CALDWELL, IRA COFER, COLUMBUS ROY JAMES, CHARLES A. LOSSIER, CLYDE MITCHELL, WILLIE THOMAS AND CHARLIE WARFIELD Motion to NonSuit Defendant, (3M) MINNESOTA MINING AND MANUFACTURING COMPANY (N/K/A 3M COMPANY), and the Court, after reviewing same is of the opinion that same is good and should be granted; therefore, it is

ORDERED that Plaintiffs, JOHNNIE ALEXANDER, WALTER CALDWELL, IRA COFER, COLUMBUS ROY JAMES, CHARLES A. LOSSIER, CLYDE MITCHELL, WILLIE THOMAS AND CHARLIE WARFIELD Motion to Non-Suit Defendant, (3M) MINNESOTA MINING AND MANUFACTURING COMPANY (N/K/A 3M COMPANY) is hereby granted; and, it is

ORDERED that Defendant, (3M) MINNESOTA MINING AND MANUFACTURING COMPANY (N/K/A 3M COMPANY) only is hereby dismissed without prejudice and that each party shall be responsible for their own costs.

SIGNED this ______ day of _____________________________, 2005.

_________________________________
PRESIDING JUDGE

3P

NO. 2005-80849

| | | |
|---|---|---|
| LUCIANO BARRIENTEZ, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| 3M, ET AL | § | 333RD JUDICIAL DISTRICT |

NO. 03-3293-H

| | | |
|---|---|---|
| LUCIANO BARRIENTEZ, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | NUECES COUNTY, TEXAS |
| | § | |
| | § | 347th JUDICIAL DISTRICT |
| MINNESOTA MINING & MANUFACTURING, ET AL | § | |

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:
"Exposed Person": **Lott, Jimmy** (8-1)
Social Security No. (last four digits): 6665
Exposed Person's claims originally filed: 5/29/2003

The Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. All silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of November, 2014.

Joseph Halbach Jr

Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

3P

NO. 2006-76611
CONSOLIDATED CASES

| | | |
|---|---|---|
| CARROLL G. STARKS | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GLENDALE OPTICAL CO., INC, ET AL | § | 333RD JUDICIAL DISTRICT |

NO. 04-C1631-102

| | | |
|---|---|---|
| ARRON LUKE, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | BOWIE COUNTY, TEXAS |
| | § | 102nd JUDICIAL DISTRICT |
| AIR LIQUIDE, ET AL | § | |

FILED
Chris Daniel
District Clerk
OCT 17 2016
Time:____ Harris County, Texas
By____ Deputy

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:
"Exposed Person": **Luke, Arron** (001-1)
Social Security No. (last four digits): 9150
Exposed Person's claims originally filed: 11/29/2004

The Court has considered the Defendants' Motion to Dismiss Under Section 90.010(d-1), TEX. CIV. PRAC. & REM. CODE and August 31, 2015 Omnibus Order of Dismissal (the "Motion to Dismiss"), the Plaintiffs' Response to the Defendants' Motion to Dismiss, and the Reply of Defendants' Steering Committee to Plaintiffs' Response to Defendants' Motion to Dismiss, as well as all evidence admitted by the Court. After considering all of the above, the Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. The Motion to Dismiss is GRANTED and all silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of October, 2016.

Joseph Halbach Jr

Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

4/16/2014 9:47:12 AM
Chris Daniel - District Clerk Harris County
Envelope No. 1005884
By: BERNADETTE LYNCH

**NO. 2005-17467**

| | | |
|---|---|---|
| JAMIE C. BENAVIDES, ET AL. | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| AIR LIQUIDE AMERICA LP, ET AL. | § | 333[RD] JUDICIAL DISTRICT |

**PLAINTIFF'S NOTICE OF PARTIAL DISMISSAL WITHOUT PREJUDICE AS TO 3M**

Pursuant to Rule 162 of the Texas Rules of Civil Procedure, Plaintiff, **CANDELARIO LUNA, JR.** files this Notice of Dismissal without Prejudice as to all claims asserted against Defendant 3M Company ("3M"), formerly known as Minnesota Mining and Manufacturing Company, and any of its alleged distributors to the extent of their sale, distribution or marketing of a 3M product, only in this case.

Plaintiff **CANDELARIO LUNA, JR.** hereby dismisses, without prejudice, his claims against the above-named Defendant, only, effective immediately upon the filing of this Notice of Partial Dismissal. All unpaid costs of this suit shall be taxed against the party incurring same.

Respectfully submitted,

MALONEY MARTIN, L.L.P.

MIKE MARTIN
SBN: 13094400
The Clock Tower Building
3401 Allen Parkway, Suite 100
Houston, Texas 77019
(713) 759-1600 : TELEPHONE
(713) 759-6930 : FACSIMILE
**ATTORNEY FOR PLAINTIFFS**

Unofficial Copy Office of Marilyn Burgess District Clerk

TEKELL, BOOK, ALLEN & MORRIS, LLP
4300 One Houston Center
1221 McKinney
Houston, Texas 77010
(713) 222-9542
(713) 655-7727

By: William Book
William Book
State Bar No. 02622000

ATTORNEY FOR DEFENDANT 3M

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the above foregoing instrument was served on counsel for the Defendants by Lexis Nexis, on this 16th day of April, 2014.

William Book
WILLIAM BOOK

Unofficial Copy Office of Marilyn Burgess District Clerk

NO. 1999-42918

| | | |
|---|---|---|
| DENNIS MANNING | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | HARRIS COUNTY, T E X A S |
| | § | |
| MINNESOTA MINING & | § | |
| MANUFACTURING, ET AL | § | 127TH JUDICIAL DISTRICT |

**PLAINTIFF'S MOTION TO NON-SUIT DEFENDANTS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW DENNIS MANNING, Plaintiff in the above-entitled and numbered cause, and file this his Motion for Non-Suit of Defendants, MINNESOTA MINING & MANUFACTURING, AMERICAN OPTICAL COMPANY, LOUIS M. GERSON COMPANY, INC. and MOLDEX METRIC, INC. and in support thereof would respectfully show the Court as follows:

I.

Plaintiff would show this Honorable Court that he no longer desires to prosecute his action against Defendants, MINNESOTA MINING & MANUFACTURING, AMERICAN OPTICAL COMPANY, LOUIS M. GERSON COMPANY, INC. and MOLDEX METRIC, INC., and that said action against Defendants, MINNESOTA MINING & MANUFACTURING, AMERICAN OPTICAL COMPANY, LOUIS M. GERSON COMPANY, INC. and MOLDEX METRIC, INC. be dismissed without prejudice and that each party be responsible for their own costs.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that his Motion for Non-Suit be in all things granted as to Defendants, MINNESOTA MINING &

MANUFACTURING, AMERICAN OPTICAL COMPANY, LOUIS M. GERSON COMPANY, INC. and MOLDEX METRIC, INC.

Respectfully submitted,

MALONEY, MARTIN & MITCHELL, L.L.P.

______________________________

Mike Martin
SBOT# 13094400
3700 Two Houston Center
909 Fannin Street
Houston, Texas 77010
(713) 759-1600; FAX: 759-6930

ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing has been forwarded to all counsel of record via Certified Mail, Return Receipt Requested, or Facsimile on this 27th day of October, 2000.

______________________________

MIKE MARTIN

NO. 1999-42918

| | | |
|---|---|---|
| DENNIS MANNING | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | HARRIS COUNTY, T E X A S |
| | § | |
| MINNESOTA MINING & | § | |
| MANUFACTURING, ET AL | § | 127TH JUDICIAL DISTRICT |

**ORDER**

Came on to be heard Plaintiff's Motion to Non-Suit Defendants, MINNESOTA MINING & MANUFACTURING, AMERICAN OPTICAL COMPANY, LOUIS M. GERSON COMPANY, INC. and MOLDEX METRIC, INC., and the Court, after reviewing same is of the opinion that same is good and should be granted; therefore, it is

ORDERED that Plaintiff's Motion to Non-Suit Defendants, MINNESOTA MINING & MANUFACTURING, AMERICAN OPTICAL COMPANY, LOUIS M. GERSON COMPANY, INC. and MOLDEX METRIC, INC. is hereby granted; and, it is

ORDERED that Defendants, MINNESOTA MINING & MANUFACTURING, AMERICAN OPTICAL COMPANY, LOUIS M. GERSON COMPANY, INC. and MOLDEX METRIC, INC. are hereby dismissed without prejudice and that each party shall be responsible for their own costs.

SIGNED this ______ day of ______________________________, 2000.

______________________________
PRESIDING JUDGE

NO. 2005-76749

| | | |
|---|---|---|
| SEDONIE J. MANUEL | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | |
| | § | HARRIS COUNTY, TEXAS |
| 3M, ET AL | § | |
| | § | |
| | § | 333[RD] JUDICIAL DISTRICT |

NO. 04-CV-0884

| | | |
|---|---|---|
| SEDONIE J. MANUEL AND MAGDALENA MANUEL | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| 3M MINNESOTA MINING & MANUFACTURING, ET AL | § | 56th JUDICIAL DISTRICT |
| | § | |

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:
"Exposed Person": **Manuel, Sedonie J.** (1-1)
Social Security No. (last four digits): 6945
Exposed Person's claims originally filed: 8/11/2004

The Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. All silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of November, 2014.

Joseph Halbach Jr

Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

FILED
Loren Jackson
District Clerk

NOV 11 2009

NO. 2005-77771

| | | |
|---|---|---|
| AGAPITO MANZANO, ET AL. | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| 3M COMPANY, ET AL. | § | 295TH JUDICIAL DISTRICT |

**ORDER GRANTING PLAINTIFFS' NOTICE OF**
**PARTIAL DISMISSAL WITHOUT PREJUDICE AS TO 3M**

Plaintiffs hereby submit their Notice of Partial Dismissal of Defendant **3M Company f/k/a/ Minnesota Mining & Manufacturing Company,** and any of its alleged distributors to the extent of their sales, distribution, or marketing of a 3M product s, without prejudice and, after consideration thereof, the Court is of the opinion that said Notice of Partial Dismissal is meritorious and should be granted for the Plaintiffs in Exhibit " A".

It is therefore,

ORDERED that the Plaintiffs listed in Exhibit "A" cause of action against **3M Company f/k/a/ Minnesota Mining & Manufacturing Company**, only, are dismissed without prejudice subject to the terms and conditions set forth in the Dismissal and Tolling Agreement between Plaintiffs and **3M Company f/k/a/ Minnesota Mining & Manufacturing Company** filed as a Rule 11 Agreement in Cause No. 2004-70000, *In re Texas Silica Product Liability Litigation,* in the 295th District Court, Harris County, Texas to the refiling of same, with costs of Court taxed against the party incurring same.

SIGNED this 13th day of NOV, 2009.

[signature]
JUDGE PRESIDING

Unofficial Copy Office of Marilyn Burgess District Clerk

AGAPITO MANZANO- EXHIBIT "A"

1.) AGAPITO MANZANO
2.) FRANCES MANZANO

Unofficial Copy Office of Marilyn Burgess District Clerk

NO. 2005-77771

| | | |
|---|---|---|
| AGAPITO MANZANO, ET AL. | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| 3M COMPANY, ET AL. | § | 295TH JUDICIAL DISTRICT |

**PLAINTIFFS' NOTICE OF PARTIAL DISMISSAL WITHOUT PREJUDICE AS TO 3M**

Plaintiffs in Exhibit "A" file this Notice of Dismissal without Prejudice subject to the terms and conditions set forth in the Dismissal and Tolling Agreement between Plaintiffs and **3M Company f/k/a Minnesota Mining & Manufacturing Company, and** any of its alleged distributors to the extent of their sales, distribution, or marketing of a 3M product, filed as a Rule 11 Agreement in Cause No. 2004-70000, *In re Texas State Silica Products Liability Litigation*, in the 295th District Court, Harris County, Texas of Defendant without prejudice.

The Plaintiffs in Exhibit "A" hereby dismiss, without prejudice, their claims against the above-named Defendant, only, effective immediately upon the filing of this Notice of Partial Dismissal. All unpaid costs of this suit shall be taxed against the party incurring same.

Respectfully submitted,

MALONEY, MARTIN AND MITCHELL, L.L.P.

MIKE MARTIN
SBN: 13094400
The Clock Tower Building
3401 Allen Parkway, Suite 100
Houston, Texas 77019
(713) 759-1600 : TELEPHONE
(713) 759-6930 : FACSIMILE
**ATTORNEY FOR PLAINTIFFS**

FILED
Loren Jackson
District Clerk
NOV 11 2009

Unofficial Copy Office of Marilyn Burgess District Clerk

TEKELL, BOOK, MATTHEWS & LIMMER, LLP
4300 One Houston Center
1221 McKinney
Houston, Texas 77010
(713) 222-9542
(713) 655-7727

By: ______________________
William Book
State Bar No. 02622000

ATTORNEY FOR DEFENDANT 3M

Unofficial Copy Office of Marilyn Burgess District Clerk

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the above foregoing instrument was served on counsel for the Defendants by Lexis Nexis, on this 11th day of ~~September~~ November, 2009.

______________________
WILLIAM BOOK

AGAPITO MANZANO- EXHIBIT "A"

1.) AGAPITO MANZANO
2.) FRANCES MANZANO

Unofficial Copy Office of Marilyn Burgess District Clerk

3P

NO. 2004-68717

| | | |
|---|---|---|
| PAUL GAWLIK, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| AIR LIQUIDE, ET AL | § | 333[RD] JUDICIAL DISTRICT |

NO. 04-2140000H

| | | |
|---|---|---|
| PAUL GAWLIK, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | NUECES COUNTY, TEXAS |
| | § | |
| | § | 347th JUDICIAL DISTRICT |
| AIR LIQUIDE AMERICA CORPORATION, ET AL | § | |

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:
"Exposed Person": **Martinez, Alfredo** (84-1)
Social Security No. (last four digits): 8552
Exposed Person's claims originally filed: 4/16/2004

The Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. All silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of November, 2014.

Joseph Halbach Jr

Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

NO. 2005-04814

| | | |
|---|---|---|
| JOSEPH H. WHEELER, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| AIR LIQUIDE, ET AL | § | 333RD JUDICIAL DISTRICT |

NO. 04-61702-3

| | | |
|---|---|---|
| JOSEPH H. WHEELER, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | NUECES COUNTY, TEXAS |
| | § | |
| | § | County Court @ Law #3 JUDICIAL |
| AIR LIQUIDE AMERICA CORPORATION, LP, ET AL | § | DISTRICT |

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:
"Exposed Person": **Martinez, Gregorio** (77-1)
Social Security No. (last four digits): 5104
Exposed Person's claims originally filed: 8/23/2004

The Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. All silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of November, 2014.

Joseph Halbach Jr

Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

NO. 2004-69066

| | | |
|---|---|---|
| NICOLAS R. HERNANDEZ, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| AIR LIQUIDE, ET AL | § | 333RD JUDICIAL DISTRICT |

NO. 04-03417-C

| | | |
|---|---|---|
| NICOLAS R. HERNANDEZ, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | NUECES COUNTY, TEXAS |
| | § | |
| | § | 94th JUDICIAL DISTRICT |
| AIR LIQUIDE AMERICA CORPORATION, ET AL | § | |

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:
"Exposed Person": **Martinez, Rafael H.** (76-1)
Social Security No. (last four digits): 2093
Exposed Person's claims originally filed: 6/23/2004

The Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. All silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of November, 2014.

Joseph Halbach Jr

Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

NO. 2005-60083

| | | |
|---|---|---|
| M.C. DENNIS, SR., ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| AIR LIQUIDE, ET AL | § | 333[RD] JUDICIAL DISTRICT |

NO. 352-211222-05

| | | |
|---|---|---|
| M.C. DENNIS, SR., ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | TARRANT COUNTY, TEXAS |
| | § | |
| | § | 352nd JUDICIAL DISTRICT |
| AIR LIQUIDE AMERICA CORPORATION, LP, ET AL | § | |

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:
"Exposed Person": **Mason, Douglas, Sr.** (3-1)
Social Security No. (last four digits): 1762
Exposed Person's claims originally filed: 4/28/2005

The Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. All silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of November, 2014.

Joseph Halbach Jr

Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

3P

NO. 2006-76611
CONSOLIDATED CASES

| | | |
|---|---|---|
| CARROLL G. STARKS | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GLENDALE OPTICAL CO., INC, ET AL | § | 333RD JUDICIAL DISTRICT |

NO. 04-61785-2

| | | |
|---|---|---|
| JAIME C. BENAVIDES, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | NUECES COUNTY, TEXAS |
| | § | CCLaw No.2 JUDICIAL DISTRICT |
| AIR LIQUIDE, ET AL | § | |

FILED
Chris Daniel
District Clerk
OCT 17 2016
Time: ________ Harris County, Texas
By ________ Deputy

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:
"Exposed Person": **McFarland, George** (005-1)
Social Security No. (last four digits): 9197
Exposed Person's claims originally filed: 9/8/2004

The Court has considered the Defendants' Motion to Dismiss Under Section 90.010(d-1), TEX. CIV. PRAC. & REM. CODE and August 31, 2015 Omnibus Order of Dismissal (the "Motion to Dismiss"), the Plaintiffs' Response to the Defendants' Motion to Dismiss, and the Reply of Defendants' Steering Committee to Plaintiffs' Response to Defendants' Motion to Dismiss, as well as all evidence admitted by the Court. After considering all of the above, the Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. The Motion to Dismiss is GRANTED and all silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of October, 2016.

*Joseph Halbach Jr*

Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

3P

NO. 2006-76611
CONSOLIDATED CASES

| | | |
|---|---|---|
| CARROLL G. STARKS | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GLENDALE OPTICAL CO., INC, ET AL | § | 333RD JUDICIAL DISTRICT |

NO. 05-60733-1

| | | |
|---|---|---|
| JOSE G. LONGORIA, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | NUECES COUNTY, TEXAS |
| | § | CCLaw No. 1 JUDICIAL DISTRICT |
| AIR LIQUIDE, ET AL | § | |

FILED
Chris Daniel
District Clerk
OCT 17 2016
Time:______ Harris County, Texas
By______

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:
"Exposed Person": **Mechell, Ernest** (60-1)
Social Security No. (last four digits): 2899
Exposed Person's claims originally filed: 4/28/2005

The Court has considered the Defendants' Motion to Dismiss Under Section 90.010(d-1), TEX. CIV. PRAC. & REM. CODE and August 31, 2015 Omnibus Order of Dismissal (the "Motion to Dismiss"), the Plaintiffs' Response to the Defendants' Motion to Dismiss, and the Reply of Defendants' Steering Committee to Plaintiffs' Response to Defendants' Motion to Dismiss, as well as all evidence admitted by the Court. After considering all of the above, the Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. The Motion to Dismiss is GRANTED and all silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of October, 2016.

*Joseph Halbach Jr*

Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

3P

NO. 2006-76611
CONSOLIDATED CASES

| | | |
|---|---|---|
| CARROLL G. STARKS | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GLENDALE OPTICAL CO., INC, ET AL | § | 333RD JUDICIAL DISTRICT |

FILED
Chris Daniel
District Clerk
OCT 17 2016
Time: ______ Harris County, Texas
By ______

NO. 05-60733-1

| | | |
|---|---|---|
| JOSE G. LONGORIA, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | NUECES COUNTY, TEXAS |
| | § | CCLaw No. 1 JUDICIAL DISTRICT |
| AIR LIQUIDE, ET AL | § | |

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:
"Exposed Person": **Mechell, Robert R.** (61-1)
Social Security No. (last four digits): 7358
Exposed Person's claims originally filed: 4/28/2005

The Court has considered the Defendants' Motion to Dismiss Under Section 90.010(d-1), TEX. CIV. PRAC. & REM. CODE and August 31, 2015 Omnibus Order of Dismissal (the "Motion to Dismiss"), the Plaintiffs' Response to the Defendants' Motion to Dismiss, and the Reply of Defendants' Steering Committee to Plaintiffs' Response to Defendants' Motion to Dismiss, as well as all evidence admitted by the Court. After considering all of the above, the Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. The Motion to Dismiss is GRANTED and all silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of October, 2016.

Joseph Halbach Jr

Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

NO. 2004-69066

| | | |
|---|---|---|
| NICOLAS R. HERNANDEZ, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| AIR LIQUIDE, ET AL | § | 333RD JUDICIAL DISTRICT |

NO. 04-03417-C

| | | |
|---|---|---|
| NICOLAS R. HERNANDEZ, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | NUECES COUNTY, TEXAS |
| | § | |
| | § | 94th JUDICIAL DISTRICT |
| AIR LIQUIDE AMERICA CORPORATION, ET AL | § | |

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:
"Exposed Person": **Mendez, Cruz** (77-1)
Social Security No. (last four digits): 1571
Exposed Person's claims originally filed: 6/23/2004

The Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. All silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of November, 2014.

Joseph Halbach Jr

Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

3P

NO. 2006-76611
CONSOLIDATED CASES

| | | |
|---|---|---|
| CARROLL G. STARKS | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GLENDALE OPTICAL CO., INC, ET AL | § | 333RD JUDICIAL DISTRICT |

NO. 04-03417-C

| | | |
|---|---|---|
| NICOLAS R. HERNANDEZ, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | NUECES COUNTY, TEXAS |
| | § | 94th JUDICIAL DISTRICT |
| AIR LIQUIDE, ET AL | § | |

FILED
Chris Daniel
District Clerk
OCT 17 2016
Time: ______ Harris County, Texas
By ______ Deputy

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:
"Exposed Person": **Meza, Jose R.** (78-1)
Social Security No. (last four digits): 7707
Exposed Person's claims originally filed: 6/23/2004

The Court has considered the Defendants' Motion to Dismiss Under Section 90.010(d-1), TEX. CIV. PRAC. & REM. CODE and August 31, 2015 Omnibus Order of Dismissal (the "Motion to Dismiss"), the Plaintiffs' Response to the Defendants' Motion to Dismiss, and the Reply of Defendants' Steering Committee to Plaintiffs' Response to Defendants' Motion to Dismiss, as well as all evidence admitted by the Court. After considering all of the above, the Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. The Motion to Dismiss is GRANTED and all silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of October, 2016.

Joseph Halbach Jr

Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

3P

NO. 2006-76611
CONSOLIDATED CASES

| | | |
|---|---|---|
| CARROLL G. STARKS | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GLENDALE OPTICAL CO., INC, ET AL | § | 333RD JUDICIAL DISTRICT |

NO. 04-61772-4

| | | |
|---|---|---|
| WILLIAM HATFIELD, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | NUECES COUNTY, TEXAS |
| | § | CCLaw No.4 JUDICIAL DISTRICT |
| AIR LIQUIDE, ET AL | § | |

FILED
Chris Daniel
District Clerk
OCT 17 2016
Time:____ Harris County, Texas
By____ Deputy

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:
"Exposed Person": Miller, Clyde T. (006-1)
Social Security No. (last four digits): 5043
Exposed Person's claims originally filed: 9/7/2004

The Court has considered the Defendants' Motion to Dismiss Under Section 90.010(d-1), TEX. CIV. PRAC. & REM. CODE and August 31, 2015 Omnibus Order of Dismissal (the "Motion to Dismiss"), the Plaintiffs' Response to the Defendants' Motion to Dismiss, and the Reply of Defendants' Steering Committee to Plaintiffs' Response to Defendants' Motion to Dismiss, as well as all evidence admitted by the Court. After considering all of the above, the Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. The Motion to Dismiss is GRANTED and all silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of October, 2016.

Joseph Halbach Jr

Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

MDL CAUSE NO. 2004-03964

| | | |
|---|---|---|
| IN RE: | § | IN THE DISTRICT COURT OF |
| | § | |
| ASBESTOS LITIGATION | § | HARRIS COUNTY, TEXAS |
| | § | |
| THIS DOCUMENT RELATES | § | |
| TO CASES LISTED ON EXHIBIT A | § | 11TH JUDICIAL DISTRICT |

**NOTICE OF INTENT TO DISMISS**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC & REM.CODE**

Please be advised that on July 2, 2015, this court intends to issue an order of dismissal pursuant to section 90.010 (d-1) for the following matters and plaintiffs which are attached as Exhibit A.

The Court finds that each of the Claimant's lawsuits for asbestos-related claims on the attached list was pending on August 31, 2005 and is now before the MDL pre-trial court. The Court further finds that no report was served on or after September 1, 2013, that complies with Section 90.003, or Subsection 90.010(f). The Court further finds that the requirements for administrative dismissal under Section 90.010(d-1), of the Texas Civil Practice & Remedies Code, have been satisfied. Therefore, the Court intends to dismiss the plaintiffs and cases attached on Exhibit A on July 2, 2015.

Furthermore, the parties on this list are represented by Maloney & Martin and this notice may be served on attorney, Mike Martin.

The District Court is not required to send separate notice of this document to parties in each case listed on Exhibit A. A copy of this Notice is to be sent to plaintiffs' attorney, Mike Martin, Maloney & Martin, 3401 Allen Pkwy, Houston, TX 77019.

March 6, 2015
Date

Honorable Mark Davidson,
Asbestos MDL Judge

ASBESTOS MDL DISMISSALS
MIKE MARTIN ROUND TWO
EXHIBIT A

| **MDL Cause No.** | **Current Style of Case** (Last Name, First v. 1st Defendant name, et al) | **Injured Party** (Last Name) | **Injured Party** (First Name) | **Injured Party Suffix (Jr.,Sr,. III)** | **Last 4 digits SSN** (Injured Party) | **Wrongful Death/ Additional Plaintiff Names (list capacity)** | **Current Plaintiff Firm** | **Current Plaintiff Attorney of Record** |
|---|---|---|---|---|---|---|---|---|
| 2005-81107 | Miller, Donald v. E.I. DuPont De Nemours and Company, et al. | Miller | Donald | | 7287 | | Maloney Martin | Mike Martin |
| 2006-32155 | Ermis, Marvin v. Owens-Brockway Glass Container, Inc., et al. | Ermis | Marvin | | 8884 | | Maloney Martin | Mike Martin |
| 2007-15447 | Klander, Birdie v. Amtek, In., et al. | Klander | Glen | Sr. | 7610 | Birdie Klander (wife); Glen Klander, Jr. (son); Esther Ruth Gomez (daughter); John Gregory Klander (son); Charlie Lee Klander (son) | Maloney Martin | Mike Martin |

Electronically Filed - Iron Circuit Division - January 28, 2020 - 04:25 PM

IN THE CIRCUIT COURT OF IRON COUNTY
FORTY SECOND JUDICIAL CIRCUIT
STATE OF MISSOURI

| | | |
|---|---|---|
| LAVERTA MINKS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.:18IR-CC00016 |
| | ) | |
| 3M COMPANY, AS SUCCESSOR BY MERGER TO MINNESOTA MINING & MANUFACTURING COMPANY AND/OR ITS PREDECESSORS/ SUCCESSORS IN INTEREST; MINE SAFETY APPLIANCES; and WISE EL SANTO COMPANY | ) | |
| | ) | |
| Defendants. | ) | |

**DISMISSAL WITHOUT PREJUDICE**

COMES NOW Plaintiff and through her attorneys of record and in accordance with the Missouri Rules of Civil Procedure and Missouri Supreme Court Rule 67.02(a), hereby dismisses this action without prejudice.

**Respectfully submitted,**

**THE CAGLE LAW FIRM, LLC**

*/s/ Zane T. Cagle*
Zane T. Cagle. MO #53775
500 North Broadway, Suite 1605
St. Louis, Missouri 63102
Phone: (314) 241-1700
Fax: (314) 241-1738
E-Mail: zane@caglellc.com

**MARTIN WALTON LAW FIRM**

*/s/ Mike Martin*
Federal #5200604;TX #13094400
699 S. Friendswood Drive, Suite 107
Houston, Texas 77546-4580
Phone: (713) 773-2035
Fax: (832) 559-0878
E-Mail: mmartin@martinwaltonlaw.com

Electronically Filed - Iron Circuit Division - January 28, 2020 - 04:25 PM

**CERTICIATE OF SERVICE**

The undersigned does hereby certify that on this 28th day of January, 2020, a true and correct copy of this pleading was served upon all attorneys of record via E-filing with the Clerk of this Court.

**Respectfully submitted,**

**THE CAGLE LAW FIRM, LLC**

*/s/ Zane T. Cagle*
Zane T. Cagle. MO #53775
500 North Broadway, Suite 1605
St. Louis, Missouri 63102
Phone: (314) 241-1700
Fax: (314) 241-1738
E-Mail: zane@caglellc.com

CAUSE NO. 2000-11176

| | | |
|---|---|---|
| JOHNNIE ALEXANDER, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | HARRIS COUNTY, TE X A S |
| | § | |
| AIR LIQUIDE AMERICA | § | |
| CORPORATION, ET AL | § | 61ST JUDICIAL DISTRICT |

**PLAINTIFFS MOTION TO NONSUIT DEFENDANT, (3M) MINNESOTA MINING AND MANUFACTURING COMPANY (N/K/A 3M COMPANY)**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JOHNNIE ALEXANDER, WALTER CALDWELL, IRA COFER, COLUMBUS ROY JAMES, CHARLES A. LOSSIER, CLYDE MITCHELL, WILLIE THOMAS AND CHARLIE WARFIELD, Plaintiffs in the above-entitled and numbered cause, and file this their Motion to NonSuit Defendant, (3M) MINNESOTA MINING AND MANUFACTURING COMPANY (N/K/A 3M COMPANY), and in support thereof would respectfully show the Court as follows:

I.

Plaintiffs, JOHNNIE ALEXANDER, WALTER CALDWELL, IRA COFER, COLUMBUS ROY JAMES, CHARLES A. LOSSIER, CLYDE MITCHELL, WILLIE THOMAS AND CHARLIE WARFIELD would show this Honorable Court that they no longer desires to prosecute their action against Defendant, (3M) MINNESOTA MINING AND MANUFACTURING COMPANY (N/K/A 3M COMPANY), only, and that said action against Defendant, (3M) MINNESOTA MINING AND MANUFACTURING COMPANY (N/K/A 3M COMPANY) be dismissed without prejudice and that each party be responsible for their own costs.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that their Motion to Nonsuit be in all things granted as to Defendant, (3M) MINNESOTA MINING AND MANUFACTURING COMPANY (N/K/A 3M COMPANY).

Respectfully submitted,

MALONEY, MARTIN & MITCHELL, L.L.P.

MIKE B. MARTIN
State Bar No. 13094400
The Clock Tower Building
3401 Allen Parkway, Suite 100
Houston, TX 77019
(713) 759-1600 Telephone
(713) 759-6930 Facsimile

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

Pursuant to Rules 21 and 21(a) of the Texas Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing document has been provided to all counsel of record and/or attorneys-in-charge via Certified Mail, Return Receipt Requested, and/or via facsimile, and/or via hand delivery, and/or via U.S. Mail on this the 10th day of March, 2005.

MIKE B. MARTIN

CAUSE NO. 2000-11176

| | | |
|---|---|---|
| JOHNNIE ALEXANDER, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | HARRIS COUNTY, TE X A S |
| | § | |
| AIR LIQUIDE AMERICA | § | |
| CORPORATION, ET AL | § | 61ST JUDICIAL DISTRICT |

---

**O R D E R**

---

BE IT REMEMBERED that on the _____ day of ______________________, 2005, came on to be heard Plaintiffs, JOHNNIE ALEXANDER, WALTER CALDWELL, IRA COFER, COLUMBUS ROY JAMES, CHARLES A. LOSSIER, CLYDE MITCHELL, WILLIE THOMAS AND CHARLIE WARFIELD Motion to NonSuit Defendant, (3M) MINNESOTA MINING AND MANUFACTURING COMPANY (N/K/A 3M COMPANY), and the Court, after reviewing same is of the opinion that same is good and should be granted; therefore, it is

ORDERED that Plaintiffs, JOHNNIE ALEXANDER, WALTER CALDWELL, IRA COFER, COLUMBUS ROY JAMES, CHARLES A. LOSSIER, CLYDE MITCHELL, WILLIE THOMAS AND CHARLIE WARFIELD Motion to Non-Suit Defendant, (3M) MINNESOTA MINING AND MANUFACTURING COMPANY (N/K/A 3M COMPANY) is hereby granted; and, it is

ORDERED that Defendant, (3M) MINNESOTA MINING AND MANUFACTURING COMPANY (N/K/A 3M COMPANY) only is hereby dismissed without prejudice and that each party shall be responsible for their own costs.

SIGNED this ______ day of ____________________________, 2005.

______________________________
PRESIDING JUDGE

3P

NO. 2004-69057

| | | |
|---|---|---|
| HARVEY ARNOLD, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| AIR LIQUIDE, ET AL | § | 333[RD] JUDICIAL DISTRICT |

NO. 04C0107-102

| | | |
|---|---|---|
| HARVEY ARNOLD, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | BOWIE COUNTY, TEXAS |
| | § | |
| | § | 102nd JUDICIAL DISTRICT |
| AIR LIQUIDE AMERICA CORPORATION, ET AL | § | |

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:
"Exposed Person": **Moore, James E.** (90-1)
Social Security No. (last four digits): 0
Exposed Person's claims originally filed: 1/21/2004

The Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. All silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of November, 2014.

Joseph Halbach Jr.

Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

3P

NO. 2006-76611
CONSOLIDATED CASES

| | | |
|---|---|---|
| CARROLL G. STARKS | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GLENDALE OPTICAL CO., INC, ET AL | § | 333RD JUDICIAL DISTRICT |

NO. 2003-30149

| | | |
|---|---|---|
| JERRY LEE PRENTICE, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | 80th JUDICIAL DISTRICT |
| PULMOSAN, ET AL | § | |

FILED
Chris Daniel
District Clerk
OCT 17 2016
Time: ______
Harris County, Texas

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:
"Exposed Person": **Moore, Keith** (20-1)
Social Security No. (last four digits): 1935
Exposed Person's claims originally filed: 5/29/2003

The Court has considered the Defendants' Motion to Dismiss Under Section 90.010(d-1), TEX. CIV. PRAC. & REM. CODE and August 31, 2015 Omnibus Order of Dismissal (the "Motion to Dismiss"), the Plaintiffs' Response to the Defendants' Motion to Dismiss, and the Reply of Defendants' Steering Committee to Plaintiffs' Response to Defendants' Motion to Dismiss, as well as all evidence admitted by the Court. After considering all of the above, the Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. The Motion to Dismiss is GRANTED and all silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of October, 2016.

Joseph Halbach Jr

Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

3P

NO. 2006-76611
CONSOLIDATED CASES

| | | |
|---|---|---|
| CARROLL G. STARKS | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GLENDALE OPTICAL CO., INC, ET AL | § | 333RD JUDICIAL DISTRICT |

NO. 05-60734-1

| | | |
|---|---|---|
| STEVE C. DAVIS, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | NUECES COUNTY, TEXAS |
| | § | CCLaw No. 1 JUDICIAL DISTRICT |
| AIR LIQUIDE, ET AL | § | |

FILED
Chris Daniel
District Clerk
OCT 17 2016
Time:______ Harris County, Texas
By______

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:
"Exposed Person": **Morales, Juan J.** (006-1)
Social Security No. (last four digits): 7951
Exposed Person's claims originally filed: 4/28/2005

The Court has considered the Defendants' Motion to Dismiss Under Section 90.010(d-1), TEX. CIV. PRAC. & REM. CODE and August 31, 2015 Omnibus Order of Dismissal (the "Motion to Dismiss"), the Plaintiffs' Response to the Defendants' Motion to Dismiss, and the Reply of Defendants' Steering Committee to Plaintiffs' Response to Defendants' Motion to Dismiss, as well as all evidence admitted by the Court. After considering all of the above, the Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. The Motion to Dismiss is GRANTED and all silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of October, 2016.

Joseph Halbach Jr

Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

3P

NO. 2006-76611
CONSOLIDATED CASES

| | | |
|---|---|---|
| CARROLL G. STARKS | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GLENDALE OPTICAL CO., INC, ET AL | § | 333RD JUDICIAL DISTRICT |

NO. 04-61771-1

| | | |
|---|---|---|
| HAROLD E. WILLIS, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | NUECES COUNTY, TEXAS |
| | § | CCLaw No.1 JUDICIAL DISTRICT |
| AIR LIQUIDE, ET AL | § | |

FILED
Chris Daniel
District Clerk
OCT 17 2016
Time: ______ Harris County, Texas
By ______ Deputy

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:
"Exposed Person": **Morin, Tomas** (005-1)
Social Security No. (last four digits): 2361
Exposed Person's claims originally filed: 9/7/2004

The Court has considered the Defendants' Motion to Dismiss Under Section 90.010(d-1), TEX. CIV. PRAC. & REM. CODE and August 31, 2015 Omnibus Order of Dismissal (the "Motion to Dismiss"), the Plaintiffs' Response to the Defendants' Motion to Dismiss, and the Reply of Defendants' Steering Committee to Plaintiffs' Response to Defendants' Motion to Dismiss, as well as all evidence admitted by the Court. After considering all of the above, the Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. The Motion to Dismiss is GRANTED and all silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of October, 2016.

Joseph Halbach Jr

Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

FILED
Marilyn Burgess
District Clerk
AUG 24 2020
Time:
By
Harris County, Texas
Deputy

CAUSE NO. 2019-51437
BEFORE THE SILICA MDL PRETRIAL JUDGE

| | | |
|---|---|---|
| SEAN MORRIS, Individually and on Behalf of the Estate of DOUGLAS MORRIS Deceased | § | IN THE DISTRICT COURT OF |
| VS. | § | HARRIS COUNTY, TEXAS |
| PEARSON DENTAL SUPPLIES, INC., ET AL | § | 333RD JUDICIAL DISTRICT |

TRANSFERRED FROM
CAUSE NO. DC-19-08885

| | | |
|---|---|---|
| SEAN MORRIS, Individually and on Behalf of the Estate of DOUGLAS MORRIS Deceased | § | IN THE DISTRICT COURT OF |
| VS. | § | DALLAS COUNTY, TEXAS |
| PEARSON DENTAL SUPPLIES, INC., ET AL | § | 160TH JUDICIAL DISTRICT |

**ORDER OF DISMISSAL UNDER SECTION 90.007 OF THE TEXAS CIVIL PRACTICE AND REMEDIES CODE**

Unofficial Copy Office of Marilyn Burgess District Clerk

The Court previously entered an Order on April 23, 2020 following an April 3, 2020 hearing on Defendants' request for dismissal of this case pursuant to Section 90.007 of the Texas Civil Practice and Remedies Code. After finding that the papers before the Court were not compliant with the report requirements of Chapter 90 of the Texas Civil Practice and Remedies Code, the Court gave the Plaintiff until July 5, 2020 to provide a medical report complying with the report requirements of Chapter 90 of the Texas Civil Practice and Remedies Code.

The Plaintiff provided a supplemental medical report on July 2, 2020, and the Defendants filed "Defendants' Objections to Supplemental Medical Report Concerning Douglas Morris and Supplemental Motion to Dismiss." The parties made numerous additional filings after the Plaintiff provided the supplemental medical report, and the Court has considered all of the parties' filings.

RECORDER'S MEMORANDUM
This instrument is of poor quality at the time of imaging.

After considering all of the foregoing and the arguments of counsel the Court, in accordance with Section 90.007 of the Texas Civil Practice and Remedies Code, is of the opinion that Defendants' original Motion to Dismiss and Defendants' Supplemental Motions to Dismiss are meritorious. **It is therefore**

**ORDERED** that Defendants' objections to the Plaintiff's medical reports are sustained and Defendants' original Motion to Dismiss and Defendants' Supplemental Motions to Dismiss are **GRANTED. It is further**

**ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE** pursuant to Section 90.007 of the Texas Civil Practice and Remedies Code. **It is further**

**ORDERED** that all relief not herein granted or that was not previously granted by the Court in this case is denied, and that the Clerk is ordered to close the file in this case.

Signed on this 24 day of August, 2020.

JUDGE PRESIDING

Unofficial Copy Office of Marilyn Burgess District Clerk

3P

NO. 2006-76611
CONSOLIDATED CASES

| | | |
|---|---|---|
| CARROLL G. STARKS | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GLENDALE OPTICAL CO., INC, ET AL | § | 333RD JUDICIAL DISTRICT |

NO. 04-61702-3

| | | |
|---|---|---|
| JOSEPH H. WHEELER, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | NUECES COUNTY, TEXAS |
| | § | CCLaw No.3 JUDICIAL DISTRICT |
| AIR LIQUIDE, ET AL | § | |

FILED
Chris Daniel
District Clerk
OCT 17 2016
Time:____ Harris County, Texas
By____ Deputy

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:
"Exposed Person": **Muniz, Adalberto** (78-1)
Social Security No. (last four digits): 7592
Exposed Person's claims originally filed: 8/23/2004

The Court has considered the Defendants' Motion to Dismiss Under Section 90.010(d-1), TEX. CIV. PRAC. & REM. CODE and August 31, 2015 Omnibus Order of Dismissal (the "Motion to Dismiss"), the Plaintiffs' Response to the Defendants' Motion to Dismiss, and the Reply of Defendants' Steering Committee to Plaintiffs' Response to Defendants' Motion to Dismiss, as well as all evidence admitted by the Court. After considering all of the above, the Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. The Motion to Dismiss is GRANTED and all silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of October, 2016.

Joseph Halbach Jr

Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

NO. 2004-68712

| | | |
|---|---|---|
| ARNOLDO GARZA, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| PULMOSAN, ET AL | § | 333RD JUDICIAL DISTRICT |

NO. 02-1542-B

| | | |
|---|---|---|
| ARNOLDO GARZA, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | NUECES COUNTY, TEXAS |
| | § | |
| | § | 117th JUDICIAL DISTRICT |
| AMF, INC., ET AL | § | |

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:
"Exposed Person": **Munoz, Roel** (40-1)
Social Security No. (last four digits): 1140
Exposed Person's claims originally filed: 3/22/2002

The Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. All silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of November, 2014.

Joseph Halbach Jr

Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

3P

NO. 2006-76611
CONSOLIDATED CASES

| | | |
|---|---|---|
| CARROLL G. STARKS | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GLENDALE OPTICAL CO., INC, ET AL | § | 333RD JUDICIAL DISTRICT |

NO. 05-60734-1

| | | |
|---|---|---|
| STEVE C. DAVIS, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | NUECES COUNTY, TEXAS |
| | § | CCLaw No. 1 JUDICIAL DISTRICT |
| AIR LIQUIDE, ET AL | § | |

FILED
Chris Daniel
District Clerk
OCT 17 2016
Time: ______ Harris County, Texas
By ______ Deputy

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:
"Exposed Person": **Navejar, Daniel** (007-1)
Social Security No. (last four digits): 5942
Exposed Person's claims originally filed: 4/28/2005

The Court has considered the Defendants' Motion to Dismiss Under Section 90.010(d-1), TEX. CIV. PRAC. & REM. CODE and August 31, 2015 Omnibus Order of Dismissal (the "Motion to Dismiss"), the Plaintiffs' Response to the Defendants' Motion to Dismiss, and the Reply of Defendants' Steering Committee to Plaintiffs' Response to Defendants' Motion to Dismiss, as well as all evidence admitted by the Court. After considering all of the above, the Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. The Motion to Dismiss is GRANTED and all silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of October, 2016.

Joseph Halbach Jr

Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

3P

NO. 2006-76611
CONSOLIDATED CASES

| | | |
|---|---|---|
| CARROLL G. STARKS | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GLENDALE OPTICAL CO., INC, ET AL | § | 333RD JUDICIAL DISTRICT |

FILED
Chris Daniel
District Clerk
OCT 17 2016
Time: ____ Harris County, Texas
By ____ Deputy

NO. 04-61786-3

| | | |
|---|---|---|
| ROBERT LIVENGOOD, ET AL | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | NUECES COUNTY, TEXAS |
| | § | CCLaw No.3 JUDICIAL DISTRICT |
| AIR LIQUIDE, ET AL | § | |

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:
"Exposed Person": **Nieto, Esteban** (006-1)
Social Security No. (last four digits): 6911
Exposed Person's claims originally filed: 9/8/2004

The Court has considered the Defendants' Motion to Dismiss Under Section 90.010(d-1), TEX. CIV. PRAC. & REM. CODE and August 31, 2015 Omnibus Order of Dismissal (the "Motion to Dismiss"), the Plaintiffs' Response to the Defendants' Motion to Dismiss, and the Reply of Defendants' Steering Committee to Plaintiffs' Response to Defendants' Motion to Dismiss, as well as all evidence admitted by the Court. After considering all of the above, the Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. The Motion to Dismiss is GRANTED and all silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of October, 2016.

*Joseph Halbach Jr*

Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

FILED
Loren Jackson
District Clerk

NOV 11 2009

Time: Harris County, Texas
By ______ Deputy

NO. 2005-64526

| | | |
|---|---|---|
| NOE RAMOS, ET AL. | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| 3M COMPANY, ET AL. | § | 295TH JUDICIAL DISTRICT |

P5
11C

**ORDER GRANTING PLAINTIFFS' NOTICE OF**
**PARTIAL DISMISSAL WITHOUT PREJUDICE AS TO 3M**

Plaintiffs hereby submit their Notice of Partial Dismissal of Defendant **3M Company f/k/a/ Minnesota Mining & Manufacturing Company,** and any of its alleged distributors to the extent of their sales, distribution, or marketing of a 3M product s, without prejudice and, after consideration thereof, the Court is of the opinion that said Notice of Partial Dismissal is meritorious and should be granted for the Plaintiffs in Exhibit " A".

It is therefore,

ORDERED that the Plaintiffs listed in Exhibit "A" cause of action against **3M Company f/k/a/ Minnesota Mining & Manufacturing Company**, only, are dismissed without prejudice subject to the terms and conditions set forth in the Dismissal and Tolling Agreement between Plaintiffs and **3M Company f/k/a/ Minnesota Mining & Manufacturing Company** filed as a Rule 11 Agreement in Cause No. 2004-70000, *In re Texas Silica Product Liability Litigation*, in the 295th District Court, Harris County, Texas to the refiling of same, with costs of Court taxed against the party incurring same.

SIGNED this 13th day of NOV, 2009.

09 NOV 11 PM 5:41

BY ______ DEPUTY

[signature]
JUDGE PRESIDING

Unofficial Copy Office of Marilyn Burgess District Clerk

NOE RAMOS- EXHIBIT "A"

1.) GUADALUPE GARZA
2.) HENRY GARZA
3.) NOE RAMOS

Unofficial Copy Office of Marilyn Burgess District Clerk

**NO. 2005-64526**

| | | |
|---|---|---|
| NOE RAMOS, ET AL. | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| 3M COMPANY, ET AL. | § | 295TH JUDICIAL DISTRICT |

**PLAINTIFFS' NOTICE OF PARTIAL DISMISSAL WITHOUT PREJUDICE AS TO 3M**

Plaintiffs in Exhibit "A" file this Notice of Dismissal without Prejudice subject to the terms and conditions set forth in the Dismissal and Tolling Agreement between Plaintiffs and **3M Company f/k/a Minnesota Mining & Manufacturing Company, and** any of its alleged distributors to the extent of their sales, distribution, or marketing of a 3M product, filed as a Rule 11 Agreement in Cause No. 2004-70000, *In re Texas State Silica Products Liability Litigation*, in the 295th District Court, Harris County, Texas of Defendant without prejudice.

The Plaintiffs in Exhibit "A" hereby dismiss, without prejudice, their claims against the above-named Defendant, only, effective immediately upon the filing of this Notice of Partial Dismissal. All unpaid costs of this suit shall be taxed against the party incurring same.

Respectfully submitted,

MALONEY, MARTIN AND MITCHELL, L.L.P.

MIKE MARTIN
SBN: 13094400
The Clock Tower Building
3401 Allen Parkway, Suite 100
Houston, Texas 77019
(713) 759-1600 : TELEPHONE
(713) 759-6930 : FACSIMILE
**ATTORNEY FOR PLAINTIFFS**

FILED
Loren Jackson
District Clerk
NOV 11 2009
Time: Harris County, Texas
By Deputy

09 NOV 11 PM 5:41
BY DEPUTY

Unofficial Copy Office of Marilyn Burgess District Clerk

TEKELL, BOOK, MATTHEWS & LIMMER, LLP
4300 One Houston Center
1221 McKinney
Houston, Texas 77010
(713) 222-9542
(713) 655-7727

By: ______________________
William Book
State Bar No. 02622000

ATTORNEY FOR DEFENDANT 3M

Unofficial Copy Office of Marilyn Burgess District Clerk

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the above foregoing instrument was served on counsel for the Defendants by Lexis Nexis, on this 11th day of ~~September~~ November, 2009.

______________________
WILLIAM BOOK

NOE RAMOS- EXHIBIT "A"

1.) GUADALUPE GARZA
2.) HENRY GARZA
3.) NOE RAMOS

Unofficial Copy Office of Marilyn Burgess District Clerk

3P

NO. 2006-76611
CONSOLIDATED CASES

| | | |
|---|---|---|
| CARROLL G. STARKS | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GLENDALE OPTICAL CO., INC, ET AL | § | 333RD JUDICIAL DISTRICT |

NO. 04-61773-4

| | | |
|---|---|---|
| JOE B. GAITAN, ET A | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | NUECES COUNTY, TEXAS |
| | § | CCLaw No.4 JUDICIAL DISTRICT |
| AIR LIQUIDE, ET AL | § | |

FILED
Chris Daniel
District Clerk
OCT 17 2016
Time: ______ Harris County, Texas
By ______ Deputy

**ORDER OF DISMISSAL**
**UNDER SECTION 90.010 (d-1), TEX.CIV.PRAC.&REM.CODE**

This Order applies to:
"Exposed Person": **Ochoa, Daniel** (94-1)
Social Security No. (last four digits): 7232
Exposed Person's claims originally filed: 9/7/2004

The Court has considered the Defendants' Motion to Dismiss Under Section 90.010(d-1), TEX. CIV. PRAC. & REM. CODE and August 31, 2015 Omnibus Order of Dismissal (the "Motion to Dismiss"), the Plaintiffs' Response to the Defendants' Motion to Dismiss, and the Reply of Defendants' Steering Committee to Plaintiffs' Response to Defendants' Motion to Dismiss, as well as all evidence admitted by the Court. After considering all of the above, the Court finds that claims for alleged silica-related injuries brought by the Exposed Person were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court also finds that independent and derivative claims for plaintiffs claiming by and through the Exposed Person, if any, were pending on August 31, 2005 in the above-styled and numbered lawsuit, and transferred to the MDL pretrial court. The Court further finds that the requirements for dismissal under Section 90.010(d-1) of the Texas Civil Practice & Remedies Code have been satisfied. It is therefore ORDERED that:

1. The Motion to Dismiss is GRANTED and all silica-related claims brought by the Exposed Person and all other plaintiffs alleging independent or derivative claims by and through the Exposed Person, brought in the above-referenced lawsuit are hereby dismissed without prejudice to the right to file a subsequent action seeking damages arising from any alleged silica-related injury to the Exposed Person.
2. Defendants to this lawsuit are hereby, in all things, dismissed without prejudice.
3. All cross-actions are hereby in all things dismissed without prejudice.
4. If an action for an alleged silica-related injury to the Exposed Person that was dismissed under Section 90.010(d-1) is refiled, the refiled action shall be treated for purposes of determining the applicable law as if the action arising from any alleged silica-related injury to the Exposed Person had never been dismissed but, instead, had remained pending until a report that complied with Section 90.004 or Section 90.010(f) was served.

SIGNED this the 17th day of October, 2016.

Joseph Halbach Jr

Honorable Joseph J. Halbach, Jr./Pre-Trial Judge

FILED
Loren Jackson
District Clerk

NOV 11 2009

**NO. 2005-79226**

| | | |
|---|---|---|
| MARCOS ORTIZ, ET AL. | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| 3M COMPANY, ET AL. | § | 295TH JUDICIAL DISTRICT |

P5
11C

**ORDER GRANTING PLAINTIFFS' NOTICE OF**
**PARTIAL DISMISSAL WITHOUT PREJUDICE AS TO 3M**

Plaintiffs hereby submit their Notice of Partial Dismissal of Defendant **3M Company f/k/a/ Minnesota Mining & Manufacturing Company,** and any of its alleged distributors to the extent of their sales, distribution, or marketing of a 3M product s, without prejudice and, after consideration thereof, the Court is of the opinion that said Notice of Partial Dismissal is meritorious and should be granted for the Plaintiffs in Exhibit " A".

It is therefore,

ORDERED that the Plaintiffs listed in Exhibit "A" cause of action against **3M Company f/k/a/ Minnesota Mining & Manufacturing Company**, only, are dismissed without prejudice subject to the terms and conditions set forth in the Dismissal and Tolling Agreement between Plaintiffs and **3M Company f/k/a/ Minnesota Mining & Manufacturing Company** filed as a Rule 11 Agreement in Cause No. 2004-70000, *In re Texas Silica Product Liability Litigation*, in the 295th District Court, Harris County, Texas to the refiling of same, with costs of Court taxed against the party incurring same.

SIGNED this 13th day of Nov, 2009.

[signature]
JUDGE PRESIDING

09 NOV 11 PM 5:46
BY ______ DEPUTY

Unofficial Copy Office of Marilyn Burgess District Clerk

MARCOS ORTIZ- EXHIBIT "A"

1.) ADELINA M. ORTIZ
2.) MARCOS ORTIZ

Unofficial Copy Office of Marilyn Burgess District Clerk

APPENDIX A